**Robert Frank SANCHEZ, Petitioner–Appellant,**

**v.**

**Anthony A. LAMARQUE, Respondent–Appellee.**

No. 06–16257.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 18, 2007.

Filed June 27, 2007.

Walter K. Pyle, Esq., Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Petitioner–Appellant.

Pamela K. Critchfield, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: THOMPSON, KLEINFELD, and THOMAS, Circuit Judges.

**303**

## MEMORANDUM *

Robert Frank Sanchez appeals the district court's denial of his petition for a writ of habeas corpus. We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

When a prosecutor adds a term to the agreement during the plea colloquy, that term becomes a part of the agreement regardless of the parties' prior understanding. *Davis v. Woodford,* 446 F.3d 957, 961 (9th Cir.2006); *Brown v. Poole,* 337 F.3d 1155, 1159 (9th Cir.2003). "California courts are required to construe and interpret plea agreements in accordance with state contract law." *Buckley v. Terhune,* 441 F.3d 688, 695 (9th Cir.2006) (en banc). Under California law, we first look to the plain meaning of the agreement's language. *Id.* (citing Cal. Civ.Code §§ 1638, 1644). If the language in the contract is ambiguous, "it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." *Id.* (quoting Cal. Civ.Code § 1649). If any ambiguity remains, we must construe it in favor of the defendant. *Id.* (citing *People v. Toscano,* 124 Cal.App.4th 340, 345, 20 Cal. Rptr.3d 923 (2004) ("ambiguities [in a plea agreement] are construed in favor of the defendant")).

The record reveals that the prosecutor and the judge clearly communicated during the plea colloquy that Sanchez would be entitled to good time and work time credits such that he could potentially be eligible for parole after serving only eighty percent of his twenty-five year minimum. Because the government concedes that "the respondent Warden has advised Sanchez that he is not eligible for any sentence credits and that he will have to serve his full minimum term before parole eligibility," the government is in breach of the agreement. *See Guerrieri v. Severini,* 51 Cal.2d 12, 18, 330 P.2d 635 (1958) ("An anticipatory breach of contract occurs on the part of one of the parties to the instrument when he positively repudiates the contract by acts or statements indicating that he will not or cannot substantially perform essential terms thereof.").

"Federal habeas courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Nunes v. Mueller,* 350 F.3d 1045, 1057 (9th Cir.2003) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). In deciding on a remedy, we "must consider the unique facts and circumstances of the particular case." *Riggs v. Fairman,* 399 F.3d 1179, 1184 (9th Cir.2005). Both rescission and specific performance are available remedies for the breach of a plea agreement. *Brown,* 337 F.3d at 1161.

Under the particular circumstances in this case, specific performance is the appropriate and equitable remedy. Accordingly, we reverse the district court and remand with instructions to grant the habeas petition and direct specific enforcement of the terms of the agreement. Sanchez shall be eligible for good time and work time credits and, if warranted based on those credits, be entitled to parole eligibility after serving twenty years of his sentence.

**REVERSED AND REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.