Filed 7/3/13  P. v. Traver CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072663 |
| v. | (Super. Ct. No. 12F0137) |
| RICHARD DONALD TRAVER II, | |
| Defendant and Appellant. | |

Pursuant to a plea agreement, defendant Richard Donald Traver II pleaded no contest to one count of second degree commercial burglary.  In exchange, the agreement provided, among other things, that the remaining counts would be dismissed with a *Harvey*[1] waiver; that defendant would receive felony probation with up to one year in jail as a condition of probation, but if he violated probation the trial court could sentence him

---

[1]  *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

1

up to a maximum of three years in jail; and that at sentencing the trial court could withdraw approval of the plea agreement, but if it did so, defendant would be permitted to withdraw his plea.

At sentencing, the trial court found defendant ineligible for probation, sentenced him to three years in county jail, and denied defendant's request to withdraw his plea.

Defendant now contends the trial court violated the terms of his plea agreement. The People agree, and so do we. We will remand this matter to the trial court for further proceedings.

BACKGROUND

Charged with four counts of second degree commercial burglary and four counts of misdemeanor grand theft, defendant entered into a plea agreement by which he agreed to plead no contest to one count of second degree burglary (Pen. Code, § 459)[2] in exchange for the dismissal of the remaining counts with a *Harvey* waiver and other provisions set forth in a written change of plea form.

The written change of plea form was signed by defendant, defense counsel, the prosecutor and the trial court. As relevant to this appeal, the agreement bears defendant's initials indicating his agreement with the following paragraphs: "2. (a) I understand that the maximum sentence of imprisonment in county jail that I could receive pursuant to § 1170(h) is 3 years"; and "3. . . . [¶] I will receive felony probation with up to one year in jail as a condition of probation. If I later violate probation, the Court can sentence me up to the maximum indicated in item[] 2, above." Under the heading "ADDITIONAL ADVISEMENTS," defendant indicated his agreement that "[a]t the time of sentencing, the sentencing judge may withdraw approval of this plea. If the judge does so, I will be permitted to withdraw my plea."

---

[2] Undesignated statutory references are to the Penal Code.

Before accepting defendant's no contest plea, the trial court asked defendant: "Do you understand, pursuant to this agreement, you will receive felony probation with up to one year as a condition of probation? If you violate that probation, you can be sentenced to the maximum of three years?" In addition, the trial court asked defendant: "Do you understand at the time of sentencing, the sentencing judge may withdraw approval of this plea? If that were to happen, you would be permitted to withdraw the plea that you're entering today?" Defendant answered "yes" to those questions.

The presentence probation report recommended that the trial court deny probation, sentence defendant to two years in county jail, suspend execution of one year of the jail sentence, and place defendant on mandatory supervision for one year.

At the sentencing hearing, the prosecutor urged the trial court to sentence defendant to three years in jail. Defendant asked to withdraw his plea, noting that "when I took the plea agreement to do the probation thing, I thought that that was going to be accepted and part of the deal." The prosecutor characterized defendant's request as a case of "buyer's remorse," and urged the trial court to deny it. The trial court described the plea agreement as "crystal clear," denied defendant's request to withdraw his plea, found him ineligible for probation, and sentenced him to three years in county jail.

## DISCUSSION

Defendant contends the trial court violated the terms of his plea agreement. The People agree.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 (*Walker*), overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) Plea agreements are interpreted in accordance with the rules of contract (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344) and "material terms of the

3

agreement cannot be modified without the parties' consent." (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

Due process applies both to the procedure of accepting the plea and to implementation of the bargain itself. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled" (*Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 433]) and the punishment may not significantly exceed that which the parties agreed upon. (*Walker, supra,* 54 Cal.3d at p. 1024.)

A violation of a plea bargain is not subject to harmless error analysis and, even if it were, " 'the concept of harmless error only addresses whether the defendant is prejudiced by the error. However, in the context of a broken plea agreement, there is more at stake than the liberty of the defendant or the length of his term. "At stake is the honor of the government[,] public confidence in the fair administration of justice, and the efficient administration of justice . . . ." ' " (*Walker, supra*, 54 Cal.3d at p. 1026.)

Here, the parties agree that the trial court's imposition of sentence violated the express terms of defendant's plea agreement. We agree with the parties. The plea agreement provided for a grant of probation with up to one year in jail as a condition of probation, but if defendant violated probation the trial court could sentence him up to a maximum of three years in jail. If the trial court withdrew approval of the plea agreement, it was required to permit defendant to withdraw his plea. Those provisions were elements of the consideration for defendant's agreement to enter his no contest plea. The trial court's unilateral modification of those terms without defendant's consent violated defendant's due process rights.

## DISPOSITION

The judgment is reversed, and the matter is remanded to the trial court for a new sentencing hearing, at which the trial court shall comply with the plea agreement by

4

either sentencing defendant in accordance with the terms of the plea agreement or permitting defendant to withdraw his plea.

<u>         MAURO       </u>, Acting P. J.

We concur:

<u>         MURRAY         </u>, J.

<u>         DUARTE         </u>, J.