Filed 9/4/13  P. v. Williams CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C071208 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF091116) |
| v. | |
| MICHAEL ANTHONY WILLIAMS, | |
| Defendant and Appellant. | |

Defendant Michael Anthony Williams pled no contest to charges of abusing the mother of his child.  In accordance with the terms of his plea agreement, defendant was granted probation, the terms of which he later violated.  After revoking defendant's probation, the trial court doubled his prison sentence because of a strike prior he admitted as part of his plea agreement.

Defendant argues that under the terms of his plea agreement he admitted the strike prior only conditionally because the mention of the strike prior on the first page of the plea agreement includes the words "conditional admission upon proof only."  He argues that the prosecutor failed to meet that condition by failing to adequately prove his strike

1

prior. Since the condition was allegedly not met, defendant believes the trial court erred in doubling his sentence.

Having reviewed the plea agreement, we conclude the only reasonable construction of the entire agreement is that defendant made an unconditional admission of the strike prior. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of the offense are immaterial to the issue on appeal.

On September 8, 2009, defendant was charged with various offenses related to spousal abuse. The information alleged that defendant had a prior serious felony conviction.

The same day the information was filed, defendant completed a written plea agreement. The plea form consisted of three pages, with a fourth page entitled Attachment "A." The first page of the plea agreement contained a typewritten subheading, which provided in part, "I further understand that by admitting the following 'enhancement' charges made by the DISTRICT ATTORNEY in the charging document, my maximum punishment may be increased as follows." Underneath this subheading were two adjacent columns. The first was labeled "Enhancement Charges" and the other was labeled "Additional Punishment." Under the label "Enhancement Charges" the words "strike (conditional admission upon proof only)" were handwritten. The word *only* was underlined twice. On the same line, and directly under the "Additional Punishment" label, "x2" -- presumably meaning times two -- was written. Thus, by this entry on the form, defendant acknowledged his understanding that if he admitted the strike allegation, his punishment could be doubled.

The second page of the agreement contained a handwritten paragraph at item No. 8 that was then crossed out. The subheading to this paragraph read, in full, "No one has threatened or promised to reward me, my family or anyone else to get me to enter this plea. No one has told me, or promised or suggested to me, that I will receive a lighter

2

sentence, or probation, or any other favors to get me to enter this plea, except that I have entered into the following conditional terms of this PLEA AGREEMENT." The paragraph underneath this heading contained the description of what defendant's plea to his current charges would be. In the same paragraph was also written, "I also admit 2 prison priors charged and a 1992 strike (conditional upon proof only)." The entire paragraph was then crossed out and annotated with the words, "See attached Attachment 'A.' "

Attachment "A" consisted of a typewritten, lengthier statement of the terms of the plea agreement. The entire text of the attachment reads as follows: "This is a conditional and negotiated plea. I will plead 'No Contest' to all of the charges in the Second Amended Information as follows. 1) Felony 273.5(a) P.C Infliction of Corporal Injury on Spouse, 2) Misdemeanor 11550(a) H.&S. Under the Influence of a Controlled Substance - Cocaine, 3) Misdemeanor 273a(b) P.C. Abusing or Endangering Health of a Child, 4) Misdemeanor 594(a)(b)(2)(A) P.C. Vandalism. I also admit the following enhancements: 'Case Enhancement a,' a prior serious felony 'strike' offense per 667(d) P.C., 'Case Enhancement b,' a prison prior per 667.5(b) P.C., and 'Case Enhancement c,' a prison prior per 667.5(b) P.C. I understand I will be sentenced to a 3 year term of probation on the misdemeanor offences in Counts 2-4, and will be placed on FORMAL MISDEMEANOR PROBATION with terms and conditions which among other things will include a 6 month residential drug treatment program, a 52 week domestic violence program and the surrendering of my Class A commercial driver's license. I further understand that sentencing on the Felony charge in Count 1 and the attached case enhancements will be deferred for a period of 2 years in which time I MUST complete the 6 month residential drug treatment program and the 52 week domestic violence class. I understand that this two year period will start running when I am placed in a residential drug treatment program. I further understand that ANY sustained violation of the terms of my probation WILL result in the sentencing of the Felony charge and enhancements.

3

If I complete the drug treatment program and the 52 week domestic violence class within the two years and have no sustained violations of probation, I will be allowed to withdraw my plea to the felony charge and it, along with the enhancements will be dismissed."

Attachment "A" made no reference to a conditional admission of the strike prior. Defendant and his attorney signed the plea agreement and initialed the attachment.

Defendant's plea hearing took place on September 8, 2009. During this proceeding, defendant pled no contest to the current charges against him. The following exchange then occurred:

"THE COURT: And Case Enhancement a, do you admit Case Enhancement a, which is an enhancement based upon a prior felony conviction -- previous felony conviction pursuant to which enhancement for one prior felony that prohibits probation, limits credits, requires consecutive sentence, mandates prison commitment, and felony is a conviction November 3, 1992, for a violation of Health and Safety Code, excuse me, Penal Code Section 245(a)(1) slash 1192(c)(23)?"

"MR. MOUNT [Prosecuting Attorney]: Your Honor, let me explain the charging on that particular enhancement.

"The prior package from Sacramento County has a minute order reflecting the change of plea indicating that the defendant pled no contest to a 245(a)(1).

"Also, in that prior package is the actual information -- Complaint itself, which shows that that was charged as a 245(a)(1), assault with a motor vehicle with an allegation attached to it that was pleading it as a serious offense under 1192.7(c)(23) of the Penal Code.

"The judgment and commitment form from Sacramento Country has the plea as to a 245(a)(2), which was Count 2 of that Complaint, which had to do with the defendant shooting a firearm at his -- at the mother of his child.

4

"As there is that confusion I put both charges in. The People are satisfied that because the 1192.7(c)(23) allegation was attached to Count 1 that no matter which charge he actually pled to, either one of them would have constituted a strike under California law.

"THE COURT: Okay. Ms. Lance, you're comfortable with that?

"MS. LANCE [Defense Counsel]: Yes, your Honor.

"THE COURT: All right. Do you also admit the prior prison term, this is Case Enhancement d (*sic*) for a conviction on November 3, 1992 in Sacramento County?

"THE DEFENDANT: Yes sir.

"THE COURT: And a second case enhancement, this one is c for prior prison term for conviction of a felony, June 14th, 2002, in Sacramento?

"THE DEFENDANT: Yes, sir."

The court then found a factual basis to support the charges and found that defendant understood his constitutional rights, the nature of the charges, and the consequences of the plea. At no juncture during the entire proceeding did defense counsel argue that the admission of the strike prior was conditional.

On September 23, 2009, in accordance with his plea, defendant received a deferred entry of judgment on both the felony count and the enhancements. He was then admitted to probation for a period of three years. The terms of his probation required, among other things, mandatory enrollment in a 52-week domestic violence program, submission to drug and alcohol testing, and abstention from drug and alcohol use.

On April 6, 2012, the trial court conducted a probation revocation hearing. The court found that defendant had violated the terms of his probation based on his admission that that he used alcohol and marijuana, had been terminated from the domestic violence program for excessive absences, and failed to submit to a drug test. On May 17, 2012, the court sentenced defendant to a term of three years in state prison, doubled to six years because of the strike prior. Defendant filed a timely appeal.

5

# DISCUSSION

## *A Certificate Of Probable Cause Is Not Required To Challenge the Enforcement Of Defendant's Plea Agreement*

Defendant contends he admitted his strike prior conditionally and the condition was never met. The condition, according to defendant, was that the enhancement would be subject to proof at the time that it was used to double his sentence, if the enhancement were ever to be used. Defendant claims that this was the intended meaning of the phrase, "strike (conditional admission upon proof <u>only</u>)."

The People argue, however, that defendant's claim is not cognizable on appeal. The People point out that defendant did not obtain a certificate of probable cause (Pen. Code, § 1237.5), which is a requirement to contest the validity of one's plea on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 75.) Because defendant failed to obtain a certificate, the People argue his claim is barred on appeal and that his sentence should stand.

We conclude that defendant's claim does not constitute an "attack on the validity of the plea," for which a certificate of probable cause is required. Rather, defendant's claim questions the enforcement of the terms of his plea agreement, for which a certificate is not required. (See *People v. French* (2008) 43 Cal.4th 36, 43 [a certificate is not required "if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea"].)

Here, defendant argues that the prosecutor did not adequately prove his strike prior during the sentencing proceedings. In other words, the "condition" in the plea agreement was never satisfied. Based on these arguments, it is evident that defendant does not contest the validity of his plea agreement. Rather, he argues that the People failed to follow the *terms* of the plea agreement, namely, the fulfillment of a condition. Because defendant's claim attacks the enforcement of his plea rather than its validity, a certificate of probable cause is not required.

6

We now address the issue on the merits.

## II

*Interpretation Of Defendant's Plea Agreement As A Contract Reveals The Absence of Any Condition On Defendant's Admission Of The Strike Prior*

As we have noted, defendant argues that his six-year sentence was improper because the prosecutor did not offer sufficient proof of his strike prior, and thus, the terms of his plea agreement were violated. We conclude that a reasonable interpretation of the plea agreement indicates that the parties ultimately did not intend the agreement to contain a condition. Thus, the terms of defendant's plea agreement were not violated, and his sentence was properly doubled. Given this conclusion, we do not reach defendant's argument regarding the sufficiency of the prosecutor's evidence.

In California, a negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344.) The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties involved. (Civ. Code, § 1636.) If the language of the contract is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, if the terms of a promise are in any way ambiguous or uncertain, the contract must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it. (Civ. Code, § 1649; see *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264–1265.) The mutual intention to which the courts give effect is determined by the objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of objective matters such as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. (Civ. Code, §§ 1635–1656; *People v. Toscano*, *supra*, at p. 345.)

Consistent with California law, we consider the parties' intent, as objectively manifested by the terms of the document. A reading of the entire document reveals that

7

defendant *did* in fact accept all the charges and enhancements contained in the plea agreement. As noted earlier, though the first page contained defendant's conditional language, this page of the agreement was simply an acknowledgment by defendant that his sentence might be increased if he admitted the strike prior. By contrast, the original paragraph on the second page of the agreement contained the actual terms that defendant was agreeing to admit. In large part because it is noted "[s]ee attached Attachment 'A,' " one can reasonably infer that the original paragraph was crossed out exactly so that it could be supplanted by Attachment "A". Attachment "A" must be given greater significance than the first page of the agreement since it was typed, attached to the original plea agreement, and spelled out the actual terms defendant was agreeing to. Since the attachment contains no mention of conditional proof, one can infer that the parties purposely included this form at least in part to reflect their desire that no additional proof was in fact needed.

The question then turns to what one should make of the language on the first page of the plea agreement. Defendant contends that the words " 'conditional admission upon proof <u>only</u>' " cannot be ignored or deemed unimportant. In defendant's view, if he had wanted to admit his strike prior absent any condition, surely he would have crossed out the conditional term on the first page as well. He did not do this, and so he argues that the condition should stand. We disagree. The presence of the conditional proof term on the first page of the plea agreement does not necessarily reflect the parties' intention to include that term in the agreement they ultimately struck. As noted earlier, the part of the agreement that contains the terms of the plea agreement -- Attachment "A" -- bears no mention of a condition. The fact that the conditional proof language still remains on the first page, where at most, defendant merely acknowledged the potential consequences of the agreement, likely reflects nothing more than a failure to make a conforming

8

amendment to this portion of the document after the parties decided that defendant's admission of the strike prior would not be conditional.[1]

The foregoing interpretation of the plea agreement is bolstered by the fact that defendant failed to argue or even mention any condition on his admission of the strike prior during the plea hearing. As noted earlier, a party's conduct subsequent to the formation of a contract may be considered to determine the meaning of disputed contractual terms. (*People v. Toscano*, *supra*, at 124 Cal.App.4th at p. 345; *Cedars-Sinai Medical Center v. Shewry* (2006) 137 Cal.App.4th 964, 980.) Here, defendant's conduct during the plea hearing -- which followed the formation of the plea agreement -- further demonstrates the lack of a condition in the agreement. As noted earlier, during the plea hearing the judge was in the midst of taking an admission when the prosecutor interrupted to explain why he charged the strike prior in the manner that he did. Because of the prosecutor's interruption, defendant did not orally admit the strike prior.[2] Nevertheless, the prosecutor explained that either one of the offenses defendant was charged with counted as a strike, and everyone in the court, including defense counsel, thereafter proceeded as if defendant had in fact admitted the strike. Defense counsel did not object to the prosecutor's recitation of the counts. Rather, she indicated her acknowledgement that regardless of which charge defendant was ultimately convicted of, the charge constituted a strike. She also failed to raise any objection to the admission for the rest of the proceeding.

---

[1] It is worth noting that while defendant initialed Attachment "A," in which he agreed to admit the strike without the condition of proof, he did *not* initial the paragraph on page one where the conditional proof language was left in.

[2] Defendant notes that he did not provide an oral admission to the strike prior, but he does not raise that as a separate claim of error.

Eventually, when defendant's probation was revoked and he was sentenced to prison on April 6, 2012, there was again no argument that his admission of the strike prior was subject to a condition. This further supports our interpretation of the agreement. The lack of objection by defense counsel during the plea hearings in regards to defendant's admission, along with the lack of any argument pertaining to a conditional plea, both aid in interpreting the agreement. Such conduct further points to the absence of a condition in the plea agreement.

In summary, we conclude that defendant's plea agreement did not provide for a conditional admission of the strike prior. Accordingly, defendant's challenge to his sentence is without merit.

### DISPOSITION

The judgment is affirmed.


      ROBIE      , Acting P. J.


We concur:


    BUTZ      , J.


    DUARTE    , J.


10