Filed 11/14/13  P. v. Piepenbrink CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063617 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE322157) |
| MARK ADAM PIEPENBRINK, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

John L. Staley for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, William Wood and Heather Ferrick Crawford, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

In December 2012, pursuant to a plea agreement, Mark Adam Piepenbrink pled guilty to attempted burglary of an inhabited residence (Pen. Code, §§ 664/459, 460, 667.5, subd. (c)(21)),[1] and admitted having served four prior prison terms (§§ 667.5, subd. (b), 668) and having suffered one prior strike conviction (§ 667, subds. (b)-(i)).  At the time Piepenbrink pled guilty, he entered into a plea agreement that provided that he would receive a stipulated sentence of three years in prison, and that he would be released on his own recognizance pending sentencing.  The plea agreement also states that if Piepenbrink were to willfully fail to appear for sentencing, he would be sentenced "unconditionally," and would not be permitted to withdraw his plea.  After Piepenbrink pled guilty, the court said to him, "Come back when we tell you to come back, we've got a deal at three."  The court then accepted Piepenbrink's plea.

Piepenbrink failed to appear at the scheduled sentencing hearing, and the trial court issued a warrant for his arrest.  Piepenbrink was later arrested and brought before the court for sentencing.  The court sentenced Piepenbrink to seven years in prison.

On appeal, Piepenbrink claims that the trial court erred in sentencing him to seven years in prison because the plea agreement required that he be sentenced to three years in prison unless he committed another crime while on release pending sentencing.  We reject this claim and affirm.

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2012, Piepenbrink attempted to burglarize an apartment in La Mesa.

On December 4, 2012, Piepenbrink pled guilty to attempted burglary of an inhabited residence (§§ 664/459, 460, 667.5, subd. (c)(21)), and admitted having served four prior prison terms (§§ 667.5, subd. (b), 668) and having suffered one prior strike conviction (§ 667, subds. (b)-(i)).

The plea agreement provides that the "parties stipulate to [three] years," and that Piepenbrink would be released on his own recognizance pending sentencing. In addition, Piepenbrink initialed a portion of the plea agreement that states in relevant part:

> "(*Cruz*[2] Waiver) Negotiated Disposition pursuant to [section] 1192.5; I understand that if pending sentencing I am arrested for or commit another crime, violate any condition of my release, or willfully fail to appear for my probation interview or my sentencing hearing, the sentence portion of this agreement will be cancelled. I will be sentenced unconditionally, and I will not be allowed to withdraw my guilty/no contest plea(s)."

At the plea hearing, in summarizing the terms of the plea agreement, the court stated:

> "[Defense counsel] has indicated that you are requesting a release pending sentencing to take care of certain matters before you go in. I've agreed to do that, give you an o.r. on the case; bring you back for sentencing; you do your three. If we go along with that deal, you pick up any new cases, anything, I'm going to do you for seven years on this case, plus what I give you on the new case."

---

2     (See *People v. Cruz* (1988) 44 Cal.3d 1247, 1254 [permitting a defendant to waive the right to withdraw a guilty plea if trial court imposes a sentence in excess of a plea-bargained sentence].)

3

The court also stated, "Come back when we tell you to come back, we've got a deal at three. Is that your understanding?" Piepenbrink responded in the affirmative. The trial court proceeded to accept Piepenbrink's plea of guilty to one count of attempted burglary of an inhabited residence (§§ 664/459, 460, 667.5, subd. (c)(21)). In addition, Piepenbrink admitted to having served four prior prison terms (§§ 667.5, subd. (b), 668), and having suffered one prior strike conviction (§ 667, subds. (b)-(i)). The trial court set sentencing for January 3, and instructed Piepenbrink to return on that date.

Piepenbrink failed to appear for the scheduled January 3 sentencing hearing. The trial court issued a warrant for Piepenbrink's arrest. Approximately one week later, Piepenbrink was taken into custody by law enforcement officers.

On January 24, the court held a sentencing hearing. At the hearing, defense counsel requested that the trial court impose a three-year sentence. Counsel stated that Piepenbrink had been in a serious car accident while on release awaiting sentencing.[3] Defense counsel also explained that she had been on a lengthy vacation, and that Piepenbrink had lost a card that she had provided to him with her supervisor's name and phone number.

The court asked defense counsel, "Do you have any documentation to suggest that on the date that that this matter was calendared for sentencing, Mr. Piepenbrink was either in the hospital or in custody?"

---

[3] With respect to the date of the car accident, defense counsel stated, "I'm not sure of the exact date; I'm not sure Mr. Piepenbrink even recalls what date."

4

Defense counsel responded, "No, none of those things. I don't even have documentation, and he does not remember the date he was in a car accident."

The court sentenced appellant to seven years in state prison, consisting of a two-year middle term on count 1, doubled based on the strike conviction, plus one year for his three prison priors.[4]

Piepenbrink timely appealed.

## III.

## DISCUSSION

*The trial court was not required to sentence Piepenbrink to three years in prison*

Piepenbrink contends that his "sentence should be modified to three years in state prison" because his "plea bargain was for three years in custody unless he committed another crime while released pending sentencing."

A.      *Governing law and standard of review*

In *People v. Paredes* (2008) 160 Cal.App.4th 496, 506-507, this court described the law that governs the interpretation of the plea agreement in this case:

> " '[A] plea agreement is interpreted according to the same rules as other contracts . . . .' ( *People v. Toscano* (2004) 124 Cal.App.4th 340, 344 (*Toscano*); accord *People v. Vargas* (2001) 91 Cal.App.4th 506, 533 [' " ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound" ' " '].)

---

4      The trial court implicitly struck the fourth prison prior in the interests of justice (§ 1385, subd. (a)) by stating that the court was imposing "three additional years for three of his four prison priors."

"In interpreting [a] plea agreement . . . , we apply the ordinary standards of review applicable in cases involving the interpretation of contracts generally. (See *Toscano, supra,* 124 Cal.App.4th at p. 345.) '[T]he "interpretation of a contract is subject to de novo review where the interpretation does not turn on the credibility of extrinsic evidence." ' (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2003) 107 Cal.App.4th 516, 520, quoting *Morgan v. City of Los Angeles Bd. of Pension Comrs.* (2000) 85 Cal.App.4th 836, 843.)"

B.    *Application*

In pleading guilty, Piepenbrink expressly acknowledged that he could receive a sentence that was greater than three years if he were to willfully fail to appear at his sentencing hearing. As noted previously, the plea agreement states in relevant part: "I understand that if pending sentencing I . . . willfully fail to appear for . . . my sentencing hearing, the sentence portion of this agreement will be cancelled. I will be sentenced unconditionally, and I will not be allowed to withdraw my guilty/no contest plea(s)." Thus, the plea agreement does *not* provide that Piepenbrink's commission of a crime pending sentencing is the sole basis on which he could be sentenced to a sentence greater than three years. On the contrary, the plea agreement expressly permits the imposition of a sentence of *greater* than three years if Piepenbrink willfully failed to appear at his sentencing hearing.[5]

Piepenbrink contends that he "reasonably believed [that] he would serve no more than three years in state prison as long as he did not commit another crime." Piepenbrink

---

[5]    It is undisputed that Piepenbrink did not appear at the original January 3 sentencing hearing. Piepenbrink raises no claim on appeal with respect to whether such failure was willful.

6

raises two arguments in support of this contention. First, he argues that the plea agreement does not state that he would receive a sentence of seven years if he willfully failed to appear. That much is true. However, the plea agreement *does* state that Piepenbrink would be sentenced "unconditionally" if he willfully failed to appear. Thus, contrary to Piepenbrink's argument, the plea agreement did not mandate a sentence of three years if Piepenbrink were to refrain from committing a crime pending sentencing.

Piepenbrink also appears to argue that the trial court's comments at the plea hearing suggested that he could receive a sentence of more than three years only if he were to commit a crime while awaiting sentencing. We disagree. To begin with, the trial court asked Piepenbrink whether he had had the opportunity to review with defense counsel the plea agreement form "in its entirety," and asked Piepenbrink whether he felt that he understood the form. Piepenbrink responded in the affirmative to both questions. As noted above, the plea agreement expressly states that Piepenbrink could receive a sentence of more than three years if he were to willfully fail to appear at sentencing. In addition, the trial court specifically admonished Piepenbrink to return to the court when instructed, and directed Piepenbrink to return to court on January 3 for sentencing. Further, at no time did the trial court state, contrary to the plea agreement, that Piepenbrink would be sentenced to a term of other than three years only if he were to commit a crime. We therefore reject Piepenbrink's contention that he *reasonably*

believed that he would serve no more than three years in state prison as long as he did not commit another crime pending sentencing.[6]

Accordingly, we conclude that the trial court was not required to sentence Piepenbrink to three years in prison.

IV.

DISPOSITION

The judgment is affirmed.

_____
AARON, J.

WE CONCUR:

_____
O'ROURKE, Acting P. J.

_____
IRION, J.

_____

[6] The People also argue that, in any event, failing to appear for sentencing *is* a new crime (citing § 1320). We need not consider this argument in light of our conclusion that Piepenbrink could not have reasonably interpreted the plea agreement as requiring the imposition of a three-year sentence even if he were to willfully fail to appear at sentencing.

8