Filed 6/28/16  P. v. Felise CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY PAUL FELISE,<br><br>        Defendant and Appellant. | C080138<br><br>(Super. Ct. No. 15F03749) |

Defendant Anthony Paul Felise was charged with unlawfully carrying a loaded concealed handgun within a vehicle, misdemeanor possession of more than 28.5 grams of marijuana, and contributing to the delinquency of a minor.  Defendant pled no contest to the first two charges.  In accordance with the parties' agreement, the trial court placed defendant on felony probation for a term of five years with various terms and conditions, including 120 days in county jail.

On appeal, defendant contends the trial court inadvertently failed to dismiss the contributing to the delinquency of a minor charge, an implied term of the parties'

1

agreement. According to defendant, it was the mutual intention of the parties that the court would do so. The People concede the point. We agree with the parties and will remand with directions to the trial court to dismiss this charge. In all other respects, the judgment is affirmed.

## DISCUSSION

Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.* [judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705; see also *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

A plea bargain is an agreement negotiated between the defendant and the People and approved by the trial court. (*People v. Segura* (2008) 44 Cal.4th 921, 929-930.) Each party benefits -- the People by obtaining a guilty or no contest plea and often an agreed term of imprisonment, and the defendant by obtaining less severe punishment, including in some cases through the dismissal of one or more counts. (*Id.* at p. 930.)

"Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles. [Citation.] Acceptance of the agreement binds the court and the parties to the agreement. [Citations.] ' "When a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement." ' [Citations.]" (*People v. Segura*, *supra*, 44 Cal.4th at pp. 930-931.)

" 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.] On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]'

2

[Citation.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) "[P]lea agreements are interpreted according to the general rule 'that ambiguities are construed in favor of the defendant. Focusing on the *defendant's* reasonable understanding also reflects the proper constitutional focus on what induced the *defendant* to plead guilty.' " (*People v. Toscano* (2004) 124 Cal.App.4th 340, 345.)

We conclude the trial court inadvertently neglected to dismiss the contributing to the delinquency of a minor charge. The record discloses the negotiated plea agreement provided that defendant would plead guilty to the first two counts in exchange for the dismissal of the third count and a five-year term of felony probation with 120 days in county jail. At the outset of the sentencing hearing, defense counsel represented that "this case is going to resolve." The trial court then advised defendant that the plea bargain was five years' felony probation with 120 days in county jail. The prosecutor went on to recite the factual basis for the counts to which defendant pled. Following the prosecutor's comments, defendant pled no contest to these counts. The trial court, however, did not dismiss the remaining count. Nonetheless, the court's minute order states defendant pled no contest to the first two counts and the court dismissed the "bal chrg docs."[1] There is no reference to the third charge in the sentencing minute order and order of probation. In our view, the record demonstrates the parties intended that it be

---

[1] Although unclear, this phrase appears to be a shorthand reference to the dismissal of the remaining charge.

3

dismissed.  It is evident the trial court's failure to do so was inadvertent.  Neither party brought the issue to the attention of the trial court at sentencing.

DISPOSITION

The matter is remanded with directions to the trial court to dismiss the contributing to the delinquency of a minor charge.  In all other respects, the judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Butz, J.