Filed 3/26/21  P. v. Chagolla CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047707 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1905080) |
| v. | |
| JOHNNY JESSE CHAGOLLA, | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea agreement, appellant Johnny Jesse Chagolla pleaded no contest to a count of reckless driving while evading a pursuing police officer (Veh. Code, §§ 2800.1, 2800.2, subd. (a); count 1) and misdemeanor hit and run driving causing property damage (Veh. Code, § 20002, subd. (a); count 2).  He also admitted an allegation that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).[1]  Chagolla entered his plea with the understanding that he faced a maximum term of three years in prison for counts 1 and 2.  At the sentencing hearing, the trial court suspended imposition of sentence and ordered Chagolla to complete three years of formal probation and to serve six months in county jail.

On appeal, Chagolla argues that Senate Bill No. 136 (2019-2020 Reg. Sess.), which limits prior prison term enhancements to sexually violent offenses, retroactively applies to his case and requires that we strike his prior prison term enhancement and reduce his potential maximum prison term to two years.  Chagolla also filed a supplemental brief arguing that he is entitled to relief under Assembly Bill No. 1950

---

[1] Unspecified statutory references are to the Penal Code.

(2019-2020 Reg. Sess.), which limits the term of felony probation to two years for certain offenses. We strike Chagolla's prior prison term enhancement but conclude that he is not entitled to any other relief under Senate Bill No. 136 because his plea agreement did not incorporate a sentence for his prior prison term enhancement. We also conclude that Chagolla may be entitled to relief under Assembly Bill No. 1950. Therefore, we reverse the order of probation and remand the matter back to the trial court.

## I. BACKGROUND[2]

### A. The Complaint

On March 18, 2019, Chagolla was charged by complaint with a count of reckless driving while evading a pursuing police officer (Veh. Code, §§ 2800.1, 2800.2, subd. (a); count 1), misdemeanor hit and run driving causing property damage (Veh. Code, § 20002, subd. (a); count 2), and misdemeanor driving when a license is suspended or revoked (Veh. Code, § 14601.1, subd. (a); count 3). The complaint also alleged that Chagolla had served a prior prison term (§ 667.5, subd. (b)) for committing second degree burglary (§ 460, subd. (b)).

### B. The Plea

On September 30, 2019, Chagolla signed and initialed an advisement of rights, waiver, and plea form. Chagolla agreed to plead no contest to counts 1 and 2 with the understanding that he would face a maximum prison term of three years, be placed on three years of formal probation, and serve six months in county jail. That same day, Chagolla pleaded no contest to counts 1 and 2 and admitted that he had served a prior prison term under section 667.5, subdivision (b).

### C. Sentencing

On October 24, 2019, the trial court held a sentencing hearing. Defense counsel requested that the trial court strike Chagolla's prior prison term enhancement due to a

---

[2] The facts of Chagolla's offenses are not relevant to the issues raised on appeal.

change in the law (Senate Bill No. 136), stating: "One thing I wanted to address—there had been a prison prior that was admitted. I was going to request at this point now that [the enhancement] be stricken and, therefore, not applicable to a potential max time given that the law doing away with prison priors has been passed by both houses of the [L]egislature and signed by the governor." The trial court asked defense counsel when the new law would take effect, and defense counsel answered that he believed the law would be effective on January 1, 2020. The trial court declined to strike the prior prison term enhancement, stating: "I'll just leave [the enhancement] there because likely nothing will happen. I can only act on the law as it exists now."

Subsequently, the trial court sentenced Chagolla pursuant to the negotiated plea agreement. The trial court suspended imposition of sentence, placed Chagolla on three years of formal probation, and imposed concurrent terms of six months in county jail for counts 1 and 2. The trial court then dismissed count 3.

Chagolla filed a timely notice of appeal and requested a certificate of probable cause, which the trial court granted.

## II. DISCUSSION

Chagolla argues that we must strike his prior prison term enhancement and reduce his potential maximum prison term from three years to two years under Senate Bill No. 136. He also argues that he is entitled to retroactive relief under Assembly Bill No. 1950, and we must reduce his probationary term from three years to two years.

### A. *Senate Bill No. 136*

On October 8, 2019, the Governor signed Senate Bill No. 136 (Sen. Bill 136) into law, effective January 1, 2020, amending section 667.5, subdivision (b). (Stats. 2019, ch. 590, § 1.) Under the newly-amended version of section 667.5, subdivision (b), a one-year sentencing enhancement will apply only if a defendant served a prior prison term "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code."

Chagolla and the People, and we as well, agree that the amended version of section 667.5, subdivision (b) applies retroactively to cases in which the judgment is not yet final.  (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Petri* (2020) 45 Cal.App.5th 82, 94.)  Chagolla's prior prison term for committing a second degree burglary does not qualify for an enhancement under the amended version of section 667.5, subdivision (b).  His judgment is also not yet final.  Therefore, we agree with Chagolla that we must strike his prior prison term enhancement.  The People do not object and concede that the enhancement must be stricken.

Chagolla, however, also argues that his plea agreement must be modified to reflect that he faces a maximum term of two years in prison should he violate his probation.  The People disagree, arguing that the one-year sentence for Chagolla's prior prison term enhancement was not a part of the written plea agreement.  We believe the People have the better argument.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles."  (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)  " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties.  (Civ. Code, § 1636.)  If contractual language is clear and explicit, it governs.  (Civ. Code, § 1638.)' "  If "the writing is plain and unambiguous, . . . it cannot be altered by parol evidence."  (*People v. Toscano* (2004) 124 Cal.App.4th 340, 345 (*Toscano*).)  On the other hand, " ' "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promise understood it." ' "  (*Shelton*, *supra*, at p. 767.)  Mutual intent is determined by " 'objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.' "  (*Ibid.*)

4

In this case, the written plea agreement was unambiguous. The written plea form, which was filed and signed by the parties and the trial court on September 30, 2019, stated in part: "I understand I will plead guilty or not contest to these charge(s) and admit these allegation(s)." Chagolla filled out the table underneath this line by handwriting in count 1, a felony violation of Vehicle Code sections 2800.1, 2800.2, subdivision (a), and count 2, a misdemeanor violation of Vehicle Code section 20002, subdivision (a). He then initialed next to the line that stated, "I understand the maximum sentence for the charges I am pleading guilty or no contest to is a state prison term of 3 years and 0 months." As indicated on the plea form, Chagolla agreed to plead no contest to two charges, count 1 and count 2. The written plea agreement did not mention the prior prison term enhancement. Thus, the written plea agreement cannot be interpreted as incorporating a one-year sentence for the prior prison term enhancement as a component of the maximum three-year term.

Likewise, the parties and the trial court made no mention of the three-year maximum term during the change of plea hearing. At the hearing, the trial court accepted Chagolla's pleas of no contest to counts 1 and 2. Subsequently, the trial court asked Chagolla if he was *also* admitting the prior prison term enhancement, and Chagolla answered yes. There was no statement on the record that would indicate that the three-year maximum term expressed in the written plea agreement included a one-year term for Chagolla's prior prison term enhancement.

Chagolla argues that the subsequent conduct of the parties reflected an understanding that the maximum three-year term included a sentence for his prior prison term enhancement. On October 24, 2019, about a month after Chagolla signed the plea agreement and entered his no contest pleas, the trial court held a sentencing hearing. At the hearing, defense counsel argued that Chagolla's prison prior would "not [be] applicable to a potential max time" under Sen. Bill 136. The prosecutor did not make any arguments or assert that the prison prior was not used to calculate Chagolla's potential

5

maximum prison exposure.  However, because we have concluded that the written plea agreement was not ambiguous, we cannot resort to extrinsic evidence, including statements made by the parties a month after the plea agreement was signed, to modify the terms of that agreement.  (See *Toscano*, *supra*, 124 Cal.App.4th at p. 345.)

Therefore, we agree with the People that Chagolla is not entitled to a modification of his plea agreement under Sen. Bill 136.[3]

## B. Assembly Bill No. 1950

In a supplemental brief, Chagolla argues that Assembly Bill No. 1950 (Assem. Bill 1950), which recently amended section 1203.1, subdivision (a), retroactively applies to his case and requires that we reduce the length of his probation from three years to two years.

At the time Chagolla was placed on probation, former section 1203.1, subdivision (a) provided that the trial court may impose probation for a period "not exceeding the maximum possible term of the sentence."  Former section 1203.1, subdivision (a) further provided that if "the maximum possible term of a sentence is five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years."

On September 30, 2020, the Governor signed Assem. Bill 1950 into law, effective January 1, 2021.  (Stats. 2020, ch. 328, § 2.)  Assem. Bill 1950 amended section 1203.1.  Under the amended version of section 1203.1, the maximum term of probation that a trial court may impose is now two years, except in certain circumstances that are not present

---

[3] Initially, we requested that the parties provide supplemental briefs addressing whether *People v. Stamps* (2020) 9 Cal.5th 685 impacts the appropriate remedy that should be ordered in this case if we assume that Chagolla's plea agreement incorporated a one-year term for his prior prison term enhancement.  Since we conclude that the plea agreement is unambiguous and does not include a term for the prior prison term enhancement, we do not need to address the applicability of *Stamps*.

in this case.[4]  The amended version of section 1203.1 is silent on the issue of retroactivity, but three recently published cases have held that the amendment is retroactive to all nonfinal cases, and we find them persuasive (*People v. Sims* (2021) 59 Cal.App.5th 943; *People v. Quinn* (2021) 59 Cal.App.5th 874; *People v. Burton* (2020) 58 Cal.App.5th Supp. 1).  As a result, we conclude that Assem. Bill 1950 should be applied retroactively to modify Chagolla's term of probation and remand the matter to the trial court for that purpose.

### III. DISPOSITION

The order of probation is reversed, and the matter is remanded to the trial court with directions to modify Chagolla's term of probation in accord with Assembly Bill No. 1950.  The trial court is also directed to strike Chagolla's prior prison term enhancement under Penal Code section 667.5, subdivision (b).

---

[4] The two-year limit on probation does not apply to offenses that are listed in section 667.5, subdivision (c), offenses that include specific probation lengths within its provisions, and felony convictions for violating sections 487, subdivision (b)(3), 503, or 532a if the total value of the property taken exceeds $25,000.  (§ 1203.1, subd. (m).)

_____
Greenwood, P.J.

WE CONCUR:

_____
 Elia, J.

_____
 Bamattre-Manoukian, J.

People v. Chagolla
No. H047707