Filed 1/3/24  P. v. Turner CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTOINE TURNER,<br><br>        Defendant and Appellant. | A168230<br><br>(Lake County Super. Ct.<br> No. CR963186) |

**MEMORANDUM OPINION**[1]

Antoine Turner pleaded no contest on two felony counts and admitted a prior strike allegation, in exchange for dismissal of other counts and a sentence of "not more than" four years in prison.  The trial court subsequently refused to consider Turner's motion to dismiss his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 because the motion was not explicitly provided for in his plea agreement.  Turner now argues, and the People concede, that the court should have at least considered the motion.  We agree.

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

Antoine Turner was charged by information with 11 offenses, including possession of methamphetamine for sale (Health & Saf. Code, § 11378) and unlawful possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)). The information further alleged that Turner had suffered a prior strike conviction (*id.* §§ 667, subds. (b)–(j), 1170.12).

Turner pleaded no contest to these two counts and admitted the prior strike allegation. In return, the People dismissed the remaining charges and allegations, and would recommend to the court a sentence of "not more than" four years in prison. The plea agreement did not contain a minimum prison term.

At the sentencing hearing, the parties and the trial court confirmed that the four-year prison term was only a "lid," so Turner could "argue for less." Turner then requested that the court dismiss the prior strike conviction pursuant to *Romero.* The court asked: "But was a part of a plea agreement that you can make a *Romero* motion?" Counsel clarified that the agreement did not "expressly" include a *Romero* motion. The prosecutor stated: "I doubt we would specifically agree or disagree with it." The court responded: "If the agreement says you can make a *Romero* motion, then of course you can. Otherwise, you can't." The trial court declined to consider the motion and sentenced Turner to four years in prison.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles." (*People v. Shelton* (2006) 37 Cal.4th 759, 767, citing *People v. Toscano* (2004) 124 Cal.App.4th 340, 344.) Plea agreements are thus "interpreted according to the general rule 'that ambiguities are construed in favor of the defendant.'" (*Toscano*, at p. 345.) The relevant questions are: "What *was* the bargain, and did it preclude a striking under *Romero*?" (*People v. Smith* (1997) 59 Cal.App.4th 46, 51.)

2

The "bargain" here was that Turner pleaded no contest to some counts in exchange for dismissal of other counts and a sentence of "not more than" four years in prison. (*People v. Smith*, *supra*, 59 Cal.App.4th at p. 51.) Nothing about the bargain barred Turner from making a *Romero* motion: the agreement did not contain a minimum prison term (such that the court would have been disallowed from granting the motion) or otherwise prohibit such a motion. Nor did Turner waive his right to pursue the motion. (See *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662 [" '[T]he valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived' "].) The trial court should have considered Turner's *Romero* motion on its merits.

## DISPOSITION

The judgment is conditionally reversed, and the cause is remanded to the trial court with directions to hear and determine Turner's *Romero* motion to dismiss his prior strike conviction. If the court grants the motion, Turner shall be resentenced. If the court denies the motion, the judgment shall be reinstated and deemed final. In all other respects, the judgment is affirmed.

_____
Markman, J.*

We concur:

_____
Stewart, P.J.

_____
Richman, J.

*People v. Turner* (A168230)

     * Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.