# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STAFFORD B. DAVIS,
      *Petitioner-Appellant,*

v.

JEANNE S. WOODFORD, Director,
California Department of
Corrections,
      *Defendant-Appellee.*

No. 05-55164

D.C. No.
CV-02-01186-
AHS (RMC)

OPINION

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submitted
March 8, 2006—Pasadena, California

Filed April 27, 2006

Before: Susan P. Graber, Kim McLane Wardlaw, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Graber

**COUNSEL**

Kenneth M. Stern, Law Offices of Kenneth M. Stern, Woodland Hills, California, for the petitioner-appellant.

Scott C. Taylor, Supervising Deputy Attorney General, San Diego, California, for the respondent-appellee.

**OPINION**

GRABER, Circuit Judge:

In 2000, a state-court jury convicted Petitioner Stafford B. Davis of being a felon in possession of a firearm and of evad-

ing a peace officer. The state court sentenced him to 25 years to life in prison under California's Three Strikes Law, counting as eight "strikes" a 1986 California conviction that involved eight robberies. After unsuccessful state appeals and state habeas petitions, Petitioner filed this federal petition for a writ of habeas corpus. He now appeals the district court's denial of his requested relief, arguing primarily that the use of his 1986 conviction as eight separate "strikes" breached the 1986 plea agreement. We agree.

In 1986 the state expressly agreed to treat the robbery conviction as only one "strike" for purposes of later recidivist sentencing, so counting that conviction as eight "strikes" violated the terms of Petitioner's plea agreement. The California Supreme Court's denial of Petitioner's state habeas petition was based on an unreasonable determination of the facts in the light of the evidence presented in state court, 28 U.S.C. § 2254(d)(2), and involved an unreasonable application of clearly established Supreme Court precedent, *Santobello v. New York*, 404 U.S. 257 (1971), within the meaning of 28 U.S.C. § 2254(d)(1). We therefore reverse and remand with instructions to grant the writ of habeas corpus in this respect, subject to the state's resentencing Petitioner within a reasonable time.

## BACKGROUND

On February 15, 1999, Petitioner argued with his landlady. She called 911 and reported that Petitioner had been brandishing a gun and had departed in a white Volkswagen. Two officers responded to the call. They followed Petitioner's car and ordered him to pull over. Petitioner disobeyed the order, drove back to the house, and ran up to the porch. The landlady slammed the door before Petitioner could enter, and the officers apprehended him. A loaded gun slipped from his waistband to the ground.

A 2000 information charged Petitioner with being a felon in possession of a firearm and with evading a police officer.

It further charged that Petitioner had nine prior serious felony convictions within the meaning of the Three Strikes Law; the first eight stemmed from robberies prosecuted in 1986.

It is clear that there were several different robberies underlying the 1986 conviction, and the state filed two separate informations against Petitioner. He pleaded guilty to eight counts of robbery with the understanding that the two informations would be consolidated into one and that there would be only one conviction on his record. At the plea colloquy, the judge asked the prosecutor to spell out the terms of the plea agreement, and the prosecutor responded:

> [THE PROSECUTOR]: Your Honor, it's my understanding that both defendants[1] will plead to the Information as alleged, which would be, as I counted, . . . eight counts against Mr. Davis, and that they will receive five years in state prison as a consequence of that plea. *For all purposes, it is the People's position that this would be one five-year prior on their record as a violent felony* pursuant to Proposition 8.[2] Even though there were two separate Informations in this case, they were consolidated.
>
> THE COURT: *So there's only one instead of two priors*?
>
> [THE PROSECUTOR]: That's correct, Your Honor. *It would be one prior for all purposes*.

(Emphasis added.)

---

[1]The 1986 codefendant's case is not before us.

[2]"Proposition 8" was a 1982 ballot initiative codified in relevant part at California Penal Code section 667(a)(1). *See People v. Harris (In re Harris)*, 775 P.2d 1057, 1059 (Cal. 1989) (discussing Proposition 8). Section 667(a)(1) still exists alongside the subsequently enacted Three Strikes Law. Cal. Penal Code § 667(b)-(i) (2006).

Later during the plea colloquy, speaking directly to Petitioner, the prosecutor explained that if Petitioner were to commit another serious felony, five years could be added to his sentence. The prosecutor specified: "It will be one five-year prior on your record. Do you understand that? But not two. Do you understand that, Mr. Davis?" Petitioner answered, "Yes." The prosecutor then asked, "Knowing that, do you still wish to plead guilty, Mr. Davis?" Again Petitioner said, "Yes."

In the 2000 case, Petitioner agreed to a bench trial at sentencing. The state-court judge struck the ninth alleged prior conviction, found that Petitioner had eight prior "strikes" due to the 1986 robbery conviction, and sentenced him to 25 years to life in prison.

## DISCUSSION

### A. *Timeliness of the Appeal*

As an initial matter, we must address the Warden's contention that this appeal should be dismissed as untimely. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004) (noting that the existence of appellate jurisdiction is a threshold question).

The district court denied the habeas petition on December 2, 2004. Under Federal Rule of Appellate Procedure 4, Petitioner had 30 days within which to file a notice of appeal.

Petitioner submitted a sworn Proof of Service form showing that his fellow inmate Stephen Snow deposited the Notice of Appeal in the Folsom State Prison's mail system on December 31, 2004. The Warden points to the prison's legal mail logs, which show that the only mail from either Petitioner or Snow to the United States District Court in Los Angeles was sent on January 7, 2005. The Warden also offers a declaration from the mail room supervisor stating that mail

generally is processed, logged in, and mailed on the same day it is delivered by the inmate. But an addendum to the supervisor's declaration states that she was absent on the last Friday in December 2004 (which was December 31) and that mail arriving on that day should have been processed on the following Monday.

**[1]** On these facts, we hold that Petitioner can take advantage of Federal Rule of Appellate Procedure 4(c), otherwise known as the "mailbox rule." Under the mailbox rule, if an inmate deposits a notice of appeal in the institution's internal mail system on or before the last day for filing, the notice is timely. The evidence is that Snow deposited the Notice of Appeal in the prison mail system on December 31 and that no mail went out on that day. The fact that the prison log shows that the mail was sent on January 7 is not inconsistent with its having been deposited on December 31. Thus, the notice of appeal was timely filed, and we have jurisdiction to consider the merits. *See Sudduth v. Ariz. Attorney Gen.*, 921 F.2d 206, 207 (9th Cir. 1990) (published order) (declining to remand to the district court for a determination of timeliness).

B.    Santobello *Claim*

Because Petitioner filed his habeas petition after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a writ of habeas corpus cannot be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

There is no reasoned state-court decision addressing Petitioner's claim that the use of his 1986 conviction as eight strikes violated his plea agreement. He first raised the claim

in a habeas petition before the California Supreme Court, and that petition was denied without comment. Therefore, we undertake an independent review of the record. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) ("Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law.").

**[2]** In *Santobello*, the Supreme Court held that the government is bound by plea agreements and that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262. The question before us is whether the state promised Petitioner that he would have only one prior conviction on his record and, if so, whether Petitioner's guilty plea was induced by that promise. *See Mabry v. Johnson*, 467 U.S. 504, 509-10 (1984) (clarifying that a *Santobello* claim requires the plea to be induced by the prosecutor's promise).

Although we know little about the 1986 robberies, we do know from the plea colloquy that two informations were filed against Petitioner. Further, Petitioner's testimony in the 2000 trial and a declaration by his codefendant make it clear that several robberies were involved. Thus, the state *could* have brought and tried two separate cases, possibly resulting in two prior convictions under then-current law, but it agreed to consolidate them.

The Warden argues that the prosecutor's in-court statements merely explained the extant law but made no promise to Petitioner. Reading the 1986 plea colloquy as a whole, we are unpersuaded. The only reasonable inference to draw from the colloquy is that the state promised to treat the conviction as a single "prior."

**[3]** California Penal Code section 667(a)(1), which was the law in effect at the time of Petitioner's 1986 conviction, pro-

vides that a person being sentenced for certain serious felonies receives a five-year sentence enhancement "for *each* such prior conviction [of certain serious felonies] on charges brought and tried separately." (Emphasis added.) "Brought and tried separately" means that "the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." *In re Harris*, 775 P.2d 1057, 1060 (Cal. 1989). Separate charging documents are required, but guilty pleas and sentences do not have to be entered and imposed in separate proceedings. *People v. Wagner*, 26 Cal. Rptr. 2d 383, 388 (3d Dist. Ct. App. 1994); *People v. Gonzales*, 269 Cal. Rptr. 221, 224-25 (6th Dist. Ct. App. 1990); *People v. Thomas*, 267 Cal. Rptr. 908, 915-16 (4th Dist. Ct. App. 1990). Accordingly, in the context of that statute, the prosecutor's statement to Petitioner that a later sentence for a serious felony could be enhanced by five years—rather than by ten years—takes on particular significance.

**[4]** If there had been no possibility of more than one prior conviction, then the statement that Petitioner would have only one prior on his record would have been merely descriptive. But it is evident from the plea colloquy that the prosecutor bargained away his right to bring two separate cases against Petitioner in exchange for a guilty plea. In the circumstances, the statement that there would only be one prior on Petitioner's record was promissory in nature.

**[5]** We also reject the Warden's argument that the statements made by the prosecutor at the 1986 plea colloquy were not part of the agreement. Although the transcript of that hearing is the only evidence the parties have given us of the terms of the plea agreement, the prosecutor's statements show conclusively that the "single prior" term had been bargained for expressly. At the outset of the hearing, when asked by the court to describe the terms of the agreement, the prosecutor replied that there would be only "one prior" on Petitioner's record "for all purposes" and that the two informations were to be consolidated. Even if this term had not been negotiated

before the proceedings took place in open court, it still became part of the agreement as a result of the prosecutor's statements at the plea colloquy. *Brown v. Poole*, 337 F.3d 1155, 1159-60 (9th Cir. 2003).

[6] Furthermore, it is clear that the prosecutor's promise played a role in Petitioner's decision to plead guilty. What induced the guilty plea is an objective inquiry: "Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed." *Id.* at 1160 (citing *INS v. St. Cyr*, 533 U.S. 289, 322-23 (2001)). Objectively, the benefits of the bargain to Petitioner were the relatively short prison term *and* the fact that he would have only one prior conviction on his record. Deciding that the promise of "one prior" had *no* bearing on Petitioner's decision to plead guilty would be an unreasonable finding of fact within the meaning of 28 U.S.C. § 2254(d)(2).

Under AEDPA, we also must consider whether the California Supreme Court's decision is consistent with a proper application of state contract law in interpreting the plea agreement; if not, the decision was an "unreasonable application of" clearly established federal law. *Buckley v. Terhune*, 441 F.3d 688, 694-95 (9th Cir. 2006) (en banc); *Brown*, 337 F.3d at 1160 n.2; *see also Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987) (holding that the interpretation of state plea agreements is a matter of state law). We recognize that, in California, contracts (including plea bargains) are "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." *People v. Gipson (In re Gipson)*, 12 Cal. Rptr. 3d 478, 481 (6th Dist. Ct. App. 2004) (internal quotation marks omitted). Our holding today respects this principle.

The present case is easily distinguishable from *Gipson*. There, the court upheld application of the Three Strikes Law against a defendant whose plea agreement in an earlier case

had incorporated section 667(a) by reference. *Id.* at 482. Here, the plea agreement did not merely incorporate existing law by reference; rather, it included a specific promise about how many prior convictions would be placed in Petitioner's criminal record as a result of the guilty plea. Petitioner's plea bargain did not purport to freeze the law as it was in 1986. Instead, the parties agreed on the facts (number of "priors") that could be used, later, to sentence Petitioner under whatever law might then be in effect.

**[7]** Under California law, a contract must be interpreted so as "to give effect to the mutual intention of the parties as it existed at the time of contracting." Cal. Civ. Code § 1636. The prosecutor unequivocally stated that Petitioner would have only one prior conviction on his record "for all purposes." Even if there were ambiguity, which we think there was not, any such ambiguity should be resolved in Petitioner's favor. *Buckley*, 441 F.3d at 698; *People v. Toscano*, 20 Cal. Rptr. 3d 923, 926 (2d Dist. Ct. App. 2004). As a matter of California contract law, Petitioner's prior conviction counted as only one strike.

**[8]** The Warden's counsel protested at oral argument that holding the state to this promise would conflict with *Parke v. Raley*, 506 U.S. 20 (1992), in which the Supreme Court upheld Kentucky's use of a rebuttable presumption that a conviction offered for sentencing enhancement purposes was validly obtained, and noted that recidivism statutes have been repeatedly upheld against various constitutional challenges. *Id.* at 30, 34. Our result does not conflict with *Parke*. We do not here undermine the constitutionality of the Three Strikes Law, nor do we question whether it applied to this case. We also do not quarrel with the notion that, ordinarily, each count in a single proceeding can be used as a separate "strike" under that statute. *People v. Fuhrman*, 941 P.2d 1189, 1194 (Cal. 1997). We hold only that the state must live with the particular bargain that it made. This is an unusual case, in that the prosecutor made a specific promise about the number of "pri-

ors" that would go on Petitioner's criminal record as a result of pleading guilty. Giving effect to the plea agreement means, simply, treating the 1986 conviction as a single strike under the Three Strikes Law.

**[9]** Implicit in the California Supreme Court's denial of Petitioner's *Santobello* claim are an unreasonable finding of fact and an unreasonable application of clearly established Supreme Court law. Accordingly, we reverse the district court's denial of the habeas petition on that ground.

## C. Apprendi *Claim*

Petitioner also argues that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he did not intelligently waive a jury trial to determine the truth of the alleged prior convictions. We disagree.

**[10]** *Apprendi* held that, for purposes of federal constitutional law, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). Here, only the existence of a prior conviction is at issue, and Petitioner has no federal right to have a jury decide that question. The fact that Petitioner had a state statutory right to a jury trial on his prior convictions, *see Dillard v. Roe*, 244 F.3d 758, 769 (9th Cir. 2001) (discussing California Penal Code section 1025), does not avail him. The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. *Apprendi*, 530 U.S. at 488; *Jones v. United States*, 526 U.S. 227, 249 (1999); *United States v. Tighe*, 266 F.3d 1187, 1193-94 (9th Cir. 2001). There is no suggestion that Petitioner's 1986 conviction was obtained without the requisite proce-

dural safeguards. Thus, we reject Petitioner's claim that his sentence violated *Apprendi*.

REVERSED and REMANDED with instructions to grant the writ of habeas corpus in part, consistent with this opinion, subject to the state's resentencing Petitioner within a reasonable time.