**Roman Guana GARZA, Petitioner–Appellant,**

v.

**James E. TILTON, Secretary, California Department of Corrections and Rehabilitation,\* Respondent–Appellee.**

**No. 06–15126.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.\*\*

Filed March 1, 2007.

Roman Guana Garza, Avenal, CA, pro se.

---

\* James E. Tilton is substituted for his predecessor, Edward S. Alameida, Jr., who was Director of the California Department of Corrections, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brian George Smiley, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

**MEMORANDUM \*\*\***

California state prisoner Roman Guana Garza appeals *pro se* from the district court's judgment denying his petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we vacate and remand for further proceedings.

The State suggests that we do not have jurisdiction because Garza did not timely file his notice of appeal. We disagree because the sworn affidavit attached to the notice of appeal indicates that the notice was placed in a postage-paid envelope and deposited in the prison mail system on the thirtieth day following entry of judgment. *See* Fed. R.App. P. 4(a)(1)(A), 4(c); *Davis v. Woodford*, 446 F.3d 957, 960 (9th Cir. 2006).

In his § 2254 petition, Garza's only claim was one of juror bias. The district court denied Garza's request for an evidentiary hearing on this claim. We conclude this denial was improper because Garza did not "fail[ ] to develop the factual basis of [his]

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided for by 9th Cir. R. 36–3.

claim in State court proceedings." 28 U.S.C. § 2254(e)(2).

The record indicates that Garza "made a reasonable attempt, in light of the information available at the time, to investigate and pursue" his claim of juror bias in state court. *See Williams v. Taylor,* 529 U.S. 420, 435, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Garza submitted affidavits supporting his claim to the trial court in a manner that allowed the trial court to rule on the claim before sentencing. The California Court of Appeal discounted Garza's affidavits. In these circumstances, both the juror in question, who may have been less than candid during *voir dire,* and the California courts, bear the responsibility for any underdevelopment of these matters. *See Williams,* 529 U.S. at 443, 120 S.Ct. 1479 (attributing fault to the juror); *Alberni v. McDaniel,* 458 F.3d 860, 873 (9th Cir.2006) (attributing fault to the state courts).

If the facts in Garza's affidavits are true, then a juror sat at his trial who was biased against him, a situation that gives rise to structural error under the law of this circuit. *See Dyer v. Calderon,* 151 F.3d 970, 973 & n. 2 (9th Cir.1998) (en banc). Garza has therefore alleged facts which, if true, would entitle him to a new trial. *See Alberni,* 458 F.3d at 873. Garza did not receive a full and fair hearing on his claim in state court, and so we vacate the judgment of the district court and remand this case so that the district court may afford him an evidentiary hearing. *See id.*

**VACATED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.