**Ronald CONNELLY, Petitioner— Appellant,**

v.

**K. MENDOZA–POWERS, Warden, Respondent—Appellee.**

**No. 05–55688.**

United States Court of Appeals, Ninth Circuit.

cuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Ronald Connelly, Avenal, CA, pro se.

Collette C. Cavalier, Esq., Office of the Deputy Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

California state prisoner Ronald Connelly appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

The State contends that this court lacks jurisdiction because Connelly failed to obtain a Certificate of Appealability. This contention is unpersuasive. *See Rosas v. Nielsen,* 428 F.3d 1229, 1232 (9th Cir.2005) (per curiam).

Connelly first contends that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply to his petition. We disagree. *See Davis v. Woodford,* 446 F.3d 957, 960 (9th Cir.2006) (applying AEDPA to a claim regarding an

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

alleged breach of petitioner's pre-AEDPA plea agreement).

■ Connelly next contends that his November 1, 2004, petition was timely filed because he did not discover the factual predicate to his claims, which relate to the alleged breach of his 1983 plea agreement, until 2004. We conclude, however, that the factual predicate to Connelly's claims could have been discovered with due diligence no later than November 1, 1995. *See* 28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) (stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance). Accordingly, Connelly had until April 24, 1997, to file his petition. *See Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).

Because Connelly is not entitled to either statutory tolling, *see Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), or equitable tolling, *see Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006), we affirm the district court's dismissal of his petition as time-barred.

■ We also conclude that the district court did not err by denying Connelly's request for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).

Because we conclude that the petition was untimely, we need not consider the parties' remaining contentions.

**AFFIRMED.**