FILED

AUG 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN DOE,

Plaintiff - Appellee,

v.

KAMALA D. HARRIS, Attorney General,

Defendant - Appellant.

No. 09-17362

D.C. No. 3:07-cv-03585-JL

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
James Larson, Magistrate Judge, Presiding

Argued and Submitted February 17, 2011
San Francisco, California
Submission Withdrawn April 4, 2011
Resubmitted July 30, 2013

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

The Attorney General appeals from the district court's grant of a permanent

injunction directing that John Doe[1] be removed from the public sex offender

registry established by California's "Megan's Law."

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1] The plaintiff is proceeding under this pseudonym.

I

A

At the time of Doe's plea agreement, information about sex offenders was only accessible to "regularly employed peace or other law enforcement officer[s]." Cal. Penal Code § 290(i) (West 1991). In granting the injunction, the district court concluded that a reference to section 290 in Doe's plea agreement constituted an implied promise that Doe would not be subject to future modifications to the sex offender registry, such as Megan's Law, which called for his identity to be made public. It reached this conclusion notwithstanding findings that (i) "[c]onfidentiality was not an express term of the agreement" and (ii) the issue "was neither negotiated nor discussed between Doe or his counsel and the prosecutor."[2]

B

State contract law governs how a state plea agreement should be interpreted. *See Davis v. Woodford*, 446 F.3d 957, 962 (9th Cir. 2006). Unsure about the proper interpretation of Doe's plea agreement under California law, we certified the matter to the California Supreme Court. *See Doe v. Harris*, 640 F.3d 972, 973 (9th Cir. 2011). Answering our certified question, the court explained "that the general rule in California is that the plea agreement will be 'deemed to incorporate and

_____

[2] Doe does not challenge the validity of the district court's factual findings.

2

contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy.'" *Doe v. Harris*, 158 Cal. Rptr.3d 290, 292 (Cal. 2013) (quoting *People v. Gipson*, 12 Cal. Rptr.3d 478, 481 (Ct. App. 2004)). It further held that although particular parties "might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law," *id.* at 296, such an intention should not be inferred from "a plea agreement's reference to a statutory consequence attending a conviction," *id.* at 298.

## II

Doe's right under the Due Process Clause is to enforce the promises made by the state as consideration for his guilty plea. *See Davis*, 466 F.3d at 960 (discussing *Santobello v. New York*, 404 U.S. 257, 262 (1971)). In light of the district court's findings, and the legal principles articulated by the California Supreme Court, we conclude that Doe's plea agreement did not insulate him from the effect of Megan's Law, which the state legislature expressly made retroactive. *See Doe*, 158 Cal. Rptr.3d at 292. He therefore has no cognizable due process claim.

**REVERSED** and **VACATED.**