FILED

OCT 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10248 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00497-SOM-2 |
| v. | |
| JAY K. CRISOLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted October 15, 2015[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Jay Crisolo appeals the sentence imposed after he pled guilty to one count

of conspiracy to possess with intent to distribute methamphetamine (21 U.S.C.

§ 846), three counts of distribution of methamphetamine (21 U.S.C. §§ 841(a)(1)

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 841(b)(1)(A), (B)), one count of being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)), and four counts of use of a telephone to facilitate a conspiracy to distribute methamphetamine (21 U.S.C. § 843(b)).  On appeal, Crisolo argues that although he pled guilty without a written plea agreement, the government breached the terms of an oral agreement by failing to move for a downward departure under 18 U.S.C. § 3553(e) in exchange for Crisolo's substantial assistance.

In general, a claim that the government breached a plea agreement "cannot be raised for the first time on appeal." *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir. 2000).  Crisolo did not argue before the district court that there existed a binding oral agreement, let alone that the government breached such an agreement.  He thus failed to preserve that argument.  Fed. R. Crim. P. 51(b).  We therefore review his claim for plain error.  *See* Fed. R. Crim. P. 52(b); *Puckett v. United States*, 556 U.S. 129, 134–35, 143 (2009); *United States v. Cannel*, 517 F.3d 1172, 1175–76 (9th Cir. 2008).

Under such review, Crisolo has failed to establish "clear or obvious" error. *See Puckett*, 556 U.S. at 135. Crisolo points to no objective evidence establishing that the government agreed to file a § 3553(e) motion. *See Davis v. Woodford*, 446 F.3d 957, 961–92 (9th Cir. 2006).  At most, the language in the pre-sentence

2

report and in Crisolo's sentencing memorandum shows only that the government *considered* filing a § 3553(e) motion, not that it promised to do so. At sentencing, Crisolo never argued that such a promise existed, nor did he object to the district court's conclusion that no agreement governed the means by which the government would reward Crisolo's assistance. The district court's conclusion on this point was not clearly erroneous. *See United States v. Helmandollar*, 852 F.2d 498, 501 (9th Cir. 1988).

Because neither the existence of an oral cooperation agreement nor the terms of such an agreement are "clear or obvious" on the face of the record, Crisolo's claim fails under plain error review.

**AFFIRMED.**