
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID A. ELLIOTT, | No. 15-15199 |
| Petitioner-Appellant, | D.C. No. 2:09-cv-02199-TJH |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

California state prisoner David Elliott appeals from the district court's denial

of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We

have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

In 2004, Elliott was charged in California Superior Court with first degree burglary, child molestation, and indecent exposure. At trial, Elliott sought to introduce out-of-court statements that he had made to a police investigator. The court admitted some of the statements, but excluded others as hearsay not subject to any exception.

A jury convicted Elliott of first degree burglary and misdemeanor assault, which is a lesser included offense of child molestation. The jury also found true certain sentencing enhancement allegations related to the burglary charge, that Elliott had pled guilty to felony burglary and felony assault charges in 1988, and that he had been convicted of felony burglary again in 1995. Relying on those findings, the court sentenced Elliott to a prison term of twenty-five years to life under the California Three Strikes Law, Cal. Penal Code § 1170.12, plus an additional ten years of enhancements under Cal. Penal Code § 667(a).

On direct appeal, Elliott argued that the exclusion of his out-of-court statements to police had deprived him of his constitutional right to present a complete defense. The California Court of Appeal affirmed his conviction. Elliott's petition for review by the California Supreme Court was summarily denied. Elliott then filed a state habeas petition in California Superior Court, in which he argued that his sentence violated a term of his 1988 plea agreement. The

2

Superior Court denied the petition. Elliott then filed successive habeas petitions with the California Court of Appeal and the Supreme Court, both of which summarily denied his petitions. Thereafter, Elliott filed this federal habeas petition. The district court denied Elliott's petition, but granted a certificate of appealability as to two issues, which we address below.

**1.** Elliott first argues that the trial court violated his constitutional right to present a complete defense when it excluded, pursuant to the evidentiary rule barring hearsay, *see* Cal. Evid. Code § 1200(b), certain statements he made to police.

"[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). That latitude is constrained by the Constitution's guarantee of "a meaningful opportunity to present a complete defense," which "is abridged by evidence rules that infring[e] upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (internal quotation marks omitted). An exclusion infringes a weighty interest if it "significantly undermine[s] fundamental elements of the defendant's defense." *Scheffer*, 523 U.S. at 315.

3

Even assuming, without deciding, that *de novo* is the standard of review applicable to this claim, we hold that no constitutional violation occurred.[1]  First, the excluded hearsay was not fundamental to Elliott's defense.  Evidence is considered fundamental if it is "crucial" because it is the only "avenue[] . . . available to prove the defendant's story" or it is "highly exculpatory."  *Perry v. Rushen*, 713 F.2d 1447, 1452 (9th Cir. 1983).  Elliott's hearsay was not the only avenue available to prove his story.  Like every criminal defendant, he had an unqualified right "to testify in his . . . own defense," *Rock v. Arkansas*, 483 U.S. 44, 49 (1987), and thereby put the same evidence before the jury.  *See Gacy v. Welborn*, 994 F.2d 305, 316 (7th Cir. 1993) ("Nothing in the Constitution gives an accused the privilege of proffering, through hearsay, his self-serving statements while denying the state access to the rest of the story that could be got at by cross-examination.").  Nor were the statements in league with those that courts

---

[1]    Elliott asks us to apply *de novo* review, rather than the deferential standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), to both of the issues raised.  According to Elliott, AEDPA does not apply because neither claim was "adjudicated on the merits in State court," insofar as they were not addressed in either of the reasoned state court decisions.  28 U.S.C. § 2254(d); *Johnson v. Williams*, 133 S. Ct. 1088, 1097 (2013) (holding AEDPA standards are inapplicable "[w]hen the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court").  Because Elliott's claims fail under either standard of review, we decline to decide the question.

have found sufficiently exculpatory to be fundamental to the defense. *See Washington v. Texas*, 388 U.S. 14, 16 (1967) (third party eyewitness testimony that would have exonerated defendant was "vital to the defense"); *Cudjo v. Ayers*, 698 F.3d 752, 766 (9th Cir. 2012) (evidence of third party confession was "highly necessary to Petitioner's presentation of his defense"). Instead, they were self-serving statements probative of issues collateral to Elliott's innocence, like the nature of his relationship with the victim's parents, the constancy of his story, and his thought processes at the time of the crime.

Second, enforcement of the rule barring hearsay was not "'arbitrary' or 'disproportionate to the purposes [that rule was] designed to serve.'" *Holmes*, 547 U.S. at 324 (quoting *Scheffer*, 523 U.S. at 308). It is well-settled that states have a strong interest in excluding unreliable evidence, including hearsay, from court proceedings. *Scheffer*, 523 U.S. at 309; *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973). Elliott argues that certain "circumstantial indicators of trustworthiness," specifically, the existence of evidence that arguably corroborates his statements and the fact that he made his statements to law enforcement shortly after the crime was committed, weaken the State's interest in excluding his hearsay. We are not persuaded that those circumstances enhance the reliability of the statements enough to negate the State's interest in excluding them. Moreover,

5

the absence of other factors, e.g., that the statements were not against Elliott's interest and that Elliott did not take the stand to be cross-examined about them, *Chambers*, 410 U.S. at 301, tend to diminish their reliability.

In short, Elliott has not shown that exclusion of his statements significantly undermined a fundamental element of his defense, or that enforcement of the rule against hearsay in this context was arbitrary or disproportionate to the purpose that rule serves. He therefore has shown no constitutional violation arising from the exclusion of his out-of-court statements.

**2.** Elliott next argues that the trial court violated his due process rights when it relied on his 1988 convictions to increase his base sentence to twenty-five years and to impose a further five-year enhancement. According to Elliott, his agreement to plead guilty to burglary and assault in 1988 was conditioned on the prosecutor's promise that those convictions would not be used to enhance any future sentence by more than five years. Elliott's only evidence of the alleged promise is his own declaration. Again assuming without deciding that our review is *de novo*, we hold that no due process violation occurred because the plea agreement did not contain the alleged promise.

While "a criminal defendant has a due process right to enforce the terms of his plea agreement," *Buckley v. Terhune*, 441 F.3d 688, 694 (9th Cir. 2006) (citing

*Santobello v. New York*, 404 U.S. 257, 261-62 (1971)), Elliott's 1988 written plea agreement contains no term restricting the use of the convictions secured thereby for future sentencing purposes.  Nor can Elliott rely on his declaration, or other extrinsic evidence, to establish that such a restriction was part of the agreement.[2] "[T]he construction and interpretation of state court plea agreements . . . [are] matters of state law," and "[i]n California, a negotiated plea agreement is a form of contract [that] is interpreted according to general contract principles."  *Id.* at 695 (internal quotation marks, citations and alteration omitted).  When a contract is integrated, "parol evidence cannot be used to add to or vary its terms."  *Masterson v. Sine*, 436 P.2d 561, 563 (Cal. 1968) (citations omitted); *see also United States v. Floyd*, 1 F.3d 867, 870 (9th Cir. 1993) (extrinsic evidence of "prior or contemporaneous negotiations or agreements" may not be used to add "an inconsistent and additional term" to a "completely integrated plea agreement").

Here, the plea agreement provides:  "Except as otherwise stated herein, no one has promised or suggested to me that I will receive a lighter sentence,

---

[2]     *Davis v. Woodford,* 446 F.3d 957 (9th Cir. 2006), in which we held a promise was enforceable that was not contained in the written plea agreement, is distinguishable.  The promise at issue there, unlike here, was made "in open court" during the plea colloquy, and statements made at the plea colloquy are considered to be "part of the agreement" itself.  *Davis*, 446 F.3d at 961; *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) (holding promise made during colloquy "was part of the agreement").

7

probation, reward, immunity or anything else to get me to plead as indicated . . . ." It is therefore integrated. *See Masterson*, 436 P.2d at 563 (holding instrument is integrated if it contains a clause stating "that there are no previous understandings or agreements not contained in the writing" (internal quotation marks omitted)). Given that the plea agreement contains no provision regarding the use of the conviction for later sentencing purposes, a promise to refrain from using the conviction would be an additional term. Elliott cannot rely on parol evidence in the form of his declaration to prove that the State agreed to a restriction on the use of his 1988 convictions. Because he has not and cannot prove the existence of the term that he alleges was breached, Elliott has not shown that his sentence violated due process.

**AFFIRMED.**