**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHIKE OKAFOR,
                    *Plaintiff-Appellant*,

v.

UNITED STATES OF AMERICA,
                    *Defendant-Appellee.*

No. 14-17087

D.C. No.
3:14-cv-01002-LB

OPINION

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted October 18, 2016
San Francisco, California

Filed January 13, 2017

Before: A. Wallace Tashima and Milan D. Smith, Jr.,
Circuit Judges, and Edward R. Korman,[*] District Judge.

Opinion by Judge Tashima

---

   [*] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Forfeiture

The panel affirmed the district court's denial of claimant's Fed. R. Crim. P. 41(g) motion for return of $99,500 in cash that was seized by Drug Enforcement Administration ("DEA") agents from claimant's carry-on bag at San Francisco International Airport.

The DEA sent claimant a notice informing him that the money was subject to forfeiture under 21 U.S.C. § 881 because it was used in, or acquired as a result of, a violation of the Controlled Substance Act. The DEA subsequently deemed claimant's claim to contest the forfeiture as untimely.

The panel held that the district court had jurisdiction to hear claimant's motion for equitable relief. The panel treated 18 U.S.C. § 983(e) of the Civil Asset Forfeiture Reform Act as a claim-processing rule, and held that it posed no clear jurisdictional limitation.

The panel held that the district court did not err in holding that claimant was not entitled to equitable tolling because FedEx's purported delivery delay of his claim did not constitute an extraordinary circumstance that would justify equitable tolling.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Edward M. Burch (argued) and David M. Michael, Law Offices of David M. Michael, San Francisco, California, for Plaintiff-Appellant.

Anne M. Voights (argued), Assistant United States Attorney; Barbara J. Valliere, Chief, Appellate Division; Melinda Haag, United States Attorney; United States Attorney's Office, San Francisco, California; for Defendant-Appellee.

**OPINION**

TASHIMA, Circuit Judge:

Chike Okafor appeals the decision of the district court denying his motion for return of property. *See* Fed. R. Crim. P. 41(g). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's ruling.

In 2013, at San Francisco International Airport, Drug Enforcement Administration ("DEA") agents seized $99,500 in cash from Okafor's carry-on bag. The DEA sent Okafor a notice on May 1, 2013, informing him that the money was subject to forfeiture under 21 U.S.C. § 881 because it had been used in, or acquired as a result of, a violation of the Controlled Substances Act. The notice stated that the deadline for Okafor to file a claim to contest the forfeiture was June 5, 2013.

Okafor asserts that, on June 4, 2013, his attorney tendered Okafor's claim to FedEx Corporation ("FedEx") for overnight delivery to the DEA. The DEA, however, did not

receive the claim until June 6. Thus, the DEA deemed Okafor's claim untimely. Okafor's attorney sent several letters to the DEA requesting that the agency consider Okafor's claim as timely filed. The DEA construed these letters as a petition for remission, which it denied. The agency then administratively forfeited the property and issued a declaration of forfeiture.

Okafor subsequently filed a motion for return of property under Federal Rule of Criminal Procedure 41(g), arguing that the DEA had wrongfully deemed his claim untimely and that the district court should exercise its equitable jurisdiction to toll the filing deadline. The government opposed the motion on the ground that, under the Civil Asset Forfeiture Reform Act ("CAFRA"), the district court lacked jurisdiction to consider Okafor's motion. The district court held that it had equitable jurisdiction to consider Okafor's motion, but, on the merits, held that Okafor had failed to establish extraordinary circumstances warranting equitable tolling of the statutory filing deadline, and denied the motion. Okafor timely appealed.

I.

As a preliminary matter, we must determine whether the district court had jurisdiction to reach the merits of Okafor's equitable tolling argument. "We review the district court's ruling on subject matter jurisdiction *de novo.*" *Alto v. Black*, 738 F.3d 1111, 1122 (9th Cir. 2013).

Under CAFRA, an interested party who wishes to contest a forfeiture may elect to either commence a judicial forfeiture action in district court or file a petition for remission or mitigation with the agency. 18 U.S.C. § 983(a)(3)(A);

28 C.F.R. § 9.3.  In order to elect a judicial proceeding, the party must file a claim with the seizing agency by the deadline set forth in the notice sent by the agency.  18 U.S.C. § 983(a)(2)(B).  If a claim is not timely filed or the petition for remission or mitigation is denied, the seizing agency administratively forfeits the property and issues a declaration of forfeiture.  19 U.S.C. § 1609.

Once a declaration of forfeiture has been issued, "the exclusive remedy" for setting aside the declaration is a motion under 18 U.S.C. § 983(e).  18 U.S.C. § 983(e)(5). Section 983(e)(1) permits an interested party to move to set aside a declaration of forfeiture if the party did not receive written notice.  A motion under § 983(e)(1) "shall be granted if–(A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim."  *Id.*

The government argues that § 983(e) is jurisdictional and therefore forecloses Okafor's motion seeking equitable tolling.  This argument lacks merit.  In *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010), the Supreme Court warned against too quickly and too casually categorizing a claim-processing rule as jurisdictional.  It will treat such a provision as jurisdictional only "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional."  *Id.* (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006)).  Section 983(e) does not state that it is jurisdictional, nor is there any evidence in CAFRA's legislative history or otherwise on the record that it should be treated as such.  Accordingly, we treat § 983(e) as a claim-processing rule.  Because there is no clear

jurisdictional limitation in CAFRA, the district court correctly determined that it had jurisdiction to hear Okafor's motion for equitable relief.

## II.

We therefore consider Okafor's argument that he is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Okafor has failed to meet this burden. Even if, as Okafor contends, his counsel delivered his claim to FedEx for overnight delivery before the close of business on June 4, FedEx's purported delivery delay does not constitute the kind of extraordinary circumstance that we have found to justify equitable tolling. We have noted that an attorney's filing by mail shortly before a deadline expires constitutes routine negligence. *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). We "do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so 'would essentially equitably toll limitations periods for every person whose attorney missed a deadline.'" *Id.* at 647 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

The district court did not err in holding that Okafor was not entitled to equitable tolling. Accordingly, we **AFFIRM** the district court's denial of Okafor's Rule 41(g) motion.