**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUE SENG THAO, | No.    15-17400 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-01791-WBS-KJN |
| v. | |
| CLARK E. DUCART, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted August 15, 2017[**]
San Francisco, California

Before:  O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,[***]
District Judge.

California state prisoner Lue Seng Thao (Thao) appeals the district court's

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

dismissal of his petition for a writ of habeas corpus as untimely. Specifically, Thao contends that he is entitled to equitable tolling. Thao maintains that his lack of access to legal materials in the month prior to the deadline for filing his federal petition constituted an extraordinary circumstance making it impossible for him to file the petition in a timely manner. Alternatively, Thao argues that this matter should be remanded to the district court for an evidentiary hearing on his equitable tolling claim. We affirm the district court's denial of Thao's habeas petition and deny Thao's request for remand.

As an initial matter, we conclude that Thao's appeal is timely. The Magistrate Judge ordered Thao to file his notice of appeal "on or before November 28, 2015." Although the notice was not filed in the district court until December 2, 2015, the filing date of the Notice of Appeal should be calculated pursuant to the "mailbox rule," and therefore deemed timely, because the attached Proof of Service confirms that Thao delivered the Notice of Appeal to the prison mail system on November 27, 2015. *See Davis v. Woodford*, 446 F.3d 957, 960 (9th Cir. 2006).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner is required to file his petition within one year of the conclusion of direct review by the state. *See* 28 U.S.C. § 2244(d). However, the limitations period may be equitably tolled if a petitioner establishes: "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way."

*Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (citation omitted).

Thao does not dispute that he filed his habeas petition approximately thirteen days late. *See Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (en banc) (requiring reasonable diligence). Thao was misinformed by his post-conviction counsel that the deadline for filing his federal habeas petition was July 19, 2014. The parties agree that the actual deadline for filing Thao's habeas petition was July 9, 2014.

However, the misinformation regarding Thao's filing deadline does not constitute an extraordinary circumstance because "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (en banc) (citation omitted), *aff'd and remanded on other grounds sub nom. United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1630, 1638 (2015). In any event, Thao did not even meet the erroneous deadline provided to him by his attorney.

Additionally, we have held that normal delays or restrictions on law library access—such as stays in administrative segregation—are not considered "extraordinary" for purposes of establishing equitable tolling under AEDPA. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Unlike the petitioner in *Sossa*

*v. Diaz*, 729 F.3d 1225, 1227-28, 1235-37 (9th Cir. 2013), who alleged that he was unable to access the library for the majority of the three-month period he had to file his amended habeas petition, Thao had an entire year to prepare his habeas petition, and only asserted an inability to access the law library for the month preceding the due date of his petition. Neither does a *pro se* petitioner's "lack of legal sophistication," alone, constitute "an extraordinary circumstance warranting equitable tolling." *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (citation omitted).

Remand to the district court for the purpose of conducting an evidentiary hearing is not warranted in this case. "Generally, in this Circuit, a habeas petitioner should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling." *Stewart v. Cate*, 757 F.3d 929, 941 (9th Cir. 2014) (citation and internal quotation marks omitted), *as amended*. Because Thao's alleged circumstances, even if accepted as true, do not rise to the level of extraordinary circumstances, *see Ramirez*, 571 F.3d at 998, remand for an evidentiary hearing is unnecessary. *See Stewart*, 757 F.3d at 941.

**AFFIRMED.**