**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 22-2594
————————

SHAUN CURRY,
                                    Appellant

v.

UNITED STATES OF AMERICA
————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-00299)
District Judge:  Honorable Chad F. Kenney
————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2023
————————

Before:  PHIPPS, MONTGOMERY-REEVES, and McKEE, *Circuit Judges*.

(Opinion filed: October 19, 2023)
————————

OPINION*
————————

**PHIPPS**, *Circuit Judge*.

        The Controlled Substances Act, as amended and codified in statute, subjects

several types of property associated with the illegal drug trade to forfeiture.  *See* Pub. L.

No. 91–513, Tit. II, § 511 (Oct. 27, 1970) (codified at 21 U.S.C. § 881(a)).  The relevant

statute extinguishes all rights in those types of property, *see* 21 U.S.C. § 881(a), and vests

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

in the United States "[a]ll right, title, and interest" in the property "upon commission of the act giving rise to forfeiture," *id.* § 881(h). To effectuate such a forfeiture, the statute incorporates, as applicable, the procedures of the Tariff Act of 1930 and the related customs statutes. *See id.* § 881(d). Those laws permit forfeiture of property valued at $500,000 or less to be achieved through an administrative proceeding. *See* 19 U.S.C. § 1607(a); *see also id.* § 1609(a); *see generally United States v. McGlory*, 202 F.3d 664, 669 (3d Cir. 2000) (en banc) ("When the seized property is $500,000 or less, the government may use the administrative forfeiture process governed by the customs laws; this process entails no judicial involvement." (citing first 19 U.S.C. § 1607 and then 21 U.S.C. § 881(d))).

To initiate such a proceeding, a federal official must provide notice, generally within 60 days of the seizure, of its intent to seek forfeiture of the property. *See* 19 U.S.C. § 1607(a); 18 U.S.C. § 983(a)(1)(A)(i); *McGlory*, 202 F.3d at 669. Such notice, which must be published and personally served on interested parties, must contain, among other things, a description of the seized property, the date of the seizure, the statutory basis for the seizure, the place of the seizure, and the deadline for filing a claim. *See* 18 U.S.C. § 983(a); 19 U.S.C. § 1607(a); 28 C.F.R. § 8.9(a) (notice by publication), (b) (personal written notice); *see also McGlory*, 202 F.3d at 669–70.

If an interested party timely files a claim for the property, then the Government has 90 days to file a complaint for forfeiture in a federal district court, which has original and exclusive jurisdiction over the matter. *See* 18 U.S.C. § 983(a)(3)(A) (providing 90 days, subject to exceptions, for the Government to file a claim); 19 U.S.C. § 1608 (imposing obligations on the Government upon the filing of a claim); 28 U.S.C. § 1355(a) ("The district courts shall have original jurisdiction, exclusive of the courts of

the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or *forfeiture*, pecuniary or otherwise, incurred under any Act of Congress . . . ." (emphasis added)).  If the Government does not initiate such a judicial forfeiture proceeding, then it must "promptly release the property" save for contraband, and it "may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."  18 U.S.C. § 983 (a)(3)(B).  Thus, once an interested party files a claim, the forfeiture will not be resolved in an administrative proceeding: the Government must either commence a judicial forfeiture proceeding or release the seized property.  *Cf. Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009) ("The forfeiture statutes and regulations provide alternative, not sequential, administrative and legal remedies for an administrative forfeiture."); *but cf.* 28 C.F.R. § 9.4 (permitting an unsuccessful claimant in a judicial forfeiture proceeding to seek leniency through an administrative petition for remission or mitigation).

But if no interested party files a claim for the property, then the administrative forfeiture mechanism proceeds unabated.  Unlike a judicial forfeiture proceeding, the administrative proceeding does not resolve claim disputes; instead it permits only petitions for remission or mitigation.  *See* 28 C.F.R. § 9.3 (setting forth the persons who may submit such a petition, the required contents of the petition, and the process for filing a petition); *see also* 19 U.S.C. § 1618 (providing for petitions for remission or mitigation under the customs laws); *United States v. Vega*, 72 F.3d 507, 514 (7th Cir. 1995) ("[A] Petition for Remission and Mitigation 'does not serve to contest the forfeiture, but rather is a request for an executive pardon of the property based on the petitioner's innocence or, for a wrongdoer, on a plea for leniency.'" (quoting *United States v. Ruth*, 65 F.3d 599, 604 n.2 (7th Cir. 1995))).  Remission of the forfeiture is

3

appropriate when the petitioner establishes the innocent-owner defense by a preponderance of the evidence. *See* 28 C.F.R. § 9.5(a)(1); *see also* 18 U.S.C. § 983(d) (setting forth the innocent owner defense). And mitigation of the forfeiture, at least for a petitioner "involved in the commission of the offense underlying the forfeiture," is discretionary relief in the form of a less burdensome forfeiture. 28 C.F.R. § 9.5(b)(2); *see also id.* § 9.5(b)(3) (describing permissible forms of mitigation). Circumstances that justify mitigation include the petitioner's lack of a prior criminal record, a minimal violation, and the petitioner's cooperation with law enforcement. *See id.* § 9.5(b)(2) (providing a non-exhaustive list of mitigating circumstances).

Against that backdrop, Shaun Curry, while at the Philadelphia International Airport on February 4, 2021, consented to the search of his luggage by agents with the United States Drug Enforcement Administration. They found a small amount of marijuana and $121,420 in cash smelling of marijuana. The DEA seized that property and commenced an administrative forfeiture proceeding by issuing notices of seizure – through online publication at forfeiture.gov and by certified mailings to Curry's last known address, which were signed and returned. The letters notified Curry that he had until May 7, 2021, to file a claim.

He did not file a claim by that date. Instead, after the deadline, Curry, through counsel, filed petitions as part of the administrative forfeiture proceeding – one for $66,420, the other for $55,000. As far as remission, both petitions had a box checked to indicate that Curry sought remission based on the innocent-owner defense, and they provided brief, supporting justifications. But with respect to mitigation, both petitions had another box checked to indicate that Curry did not seek mitigation of the forfeiture.

4

The DEA denied Curry's petition in a five-page letter, and it issued forfeiture declarations for the money seized.

Curry then filed a civil complaint in the District Court to claim that it was excessive to seize the entire $121,420. Construing that grievance as an excessive-fine claim under the Eighth Amendment, the District Court dismissed it on the Government's motion for a lack of subject matter jurisdiction. *See Curry v. United States*, 617 F. Supp. 3d 308, 320 (E.D. Pa. 2022). Curry timely appealed that final decision, bringing the jurisdictional dispute within this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1291.

The District Court was correct. Under this Court's precedent, judicial review does not extend to the merits of a remission or mitigation ruling. *See McGlory*, 202 F.3d at 670 ("A district court ordinarily lacks jurisdiction to review the DEA's administrative forfeiture proceedings."); *United States v. Kravitz*, 738 F.2d 102, 105 (3d Cir. 1984). At most, an unsuccessful petitioner can challenge the Government's compliance with "statutory and due process requirements" for notice. *McGlory*, 202 F.3d at 670 (quoting *United States v. Woodall*, 12 F.3d 791, 793 (8th Cir. 1993)); *see also* 18 U.S.C. § 983(e)(1) ("Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute *who does not receive such notice* may file a motion to set aside a declaration of forfeiture with respect to that person's interests in the property . . . ." (emphasis added)). But Curry brings an Eighth Amendment claim – one that he did not raise during the administrative forfeiture proceeding – and not a statutory or due process claim for inadequate notice.[1] Thus, the District Court lacked subject-

---

[1] Because Curry does not challenge notice, it is not necessary to address whether 18 U.S.C. § 983(e) is a jurisdiction-stripping statute or a claim-processing rule – an issue that has divided the appellate courts. *Compare Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005) (holding that § 983(e) is jurisdictional), *with*

matter jurisdiction over Curry's challenge to the administrative forfeiture decision.  *See*

*McGlory*, 202 F.3d at 670; *see also Conservation Force v. Salazar*, 646 F.3d 1240, 1242–

43 (9th Cir. 2011) (holding that a district court lacked jurisdiction to review

administrative forfeiture proceedings); *cf. Troconis-Escovar v. United States*, 59 F.4th

273, 275, 279 (7th Cir. 2023) (dismissing an Eighth Amendment challenge to an

administrative forfeiture because the plaintiff did not timely file a claim with the agency);

*Litzenberger v. United States*, 89 F.3d 818, 821–22 (Fed. Cir. 1996) (same).  For that

reason, we will affirm the order of the District Court.

---

*Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) (holding that § 983(e) is a claim-processing rule).