Filed 4/14/25  P. v. Kenney CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>JUSTIN KENNEY,<br><br>    Defendant and Appellant. | F087489<br><br>(Super. Ct. No. PCF434044)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Glade F. Roper, Judge.  (Retired Judge of the Tulare Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Michael A. Canzoneri, and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2023, appellant Justin Kenney entered a change of plea based on a negotiated plea agreement.  He pleaded no contest to a count of injuring a spouse or cohabitant (Pen.

Code, § 273.5, subd. (f)(1)).[1]  He admitted a prior strike conviction.  The parties agreed that appellant would serve the low term of two years in prison, doubled because of the prior strike.

The court ordered the parties to appear at sentencing in 30 days on March 14, 2023.  Appellant personally asked the court for a temporary release from custody pending sentencing.  The prosecutor did not object to appellant's request.  To facilitate a temporary release, the prosecutor obtained appellant's admission to a factor in aggravation that exposed appellant to a maximum prison sentence of 10 years.  Appellant's defense counsel warned appellant that he would receive a sentence of 10 years if he did not appear at sentencing on the 14th of March.  Appellant indicated that he understood that date.  The court repeatedly cautioned appellant that he should not take an early release and risk an aggravated sentence.  The court repeatedly warned appellant that he would receive a prison sentence of 10 years if he failed to return as ordered.

Appellant agreed to the terms of the temporary release.  However, he said he only needed a release of about one week.  The court verbally told appellant to return to court in one week to be remanded back into custody.  The minute order directed appellant to be present at sentencing scheduled 30 days later.  Appellant signed a release form in which he agreed in writing to "appear at all times and places" as ordered by the court.

One week after receiving temporary release, appellant returned to court, but a bailiff told him that he was not on calendar.  Appellant left the court without speaking to anyone else.  Appellant failed to contact his attorney about the situation.  Appellant did not think to contact the probation department.

Appellant failed to appear at the March 14th sentencing hearing, and a bench warrant issued for his arrest.  Appellant was subsequently arrested and was returned to

---

[1]      All future statutory references are to the Penal Code unless otherwise noted.

court in July 2023.  The court sentenced appellant to the maximum term of 10 years due to his failure to appear for the original sentencing hearing.

Appellant contends that the trial court erred.  According to appellant, he complied with the terms of his temporary release because he appeared in court one week later as ordered.  He also argues that he should have been afforded an opportunity to withdraw his plea.  Under the totality of the circumstances, we find no error, and we affirm.

## BACKGROUND

We do not summarize the facts that support appellant's judgment.  At the change of plea hearing, the parties stipulated that a factual basis existed in the police reports for appellant's plea of no contest of injuring a spouse or cohabitant.

## DISCUSSION

When a prosecutor accepts a plea in open court, and it is approved by the judge, the defendant generally cannot be sentenced to a punishment more severe than what is specified in the plea agreement.  (§ 1192.5, subd. (b); *People v. Masloski* (2001) 25 Cal.4th 1212, 1217.)  A plea bargain is interpreted in accordance with the rules of contract.  (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344.)  If the plea bargain is breached, the defendant may withdraw the plea and go to trial on the original charges, or the plea agreement may be specifically enforced.  (*People v. Mancheno* (1982) 32 Cal.3d 855, 860–861.)

A defendant who enters into a plea agreement may seek a temporary release from custody until the time of sentencing.  This is known as a " '*Cruz* waiver.' "  (*People v. Masloski, supra,* 25 Cal.4th at p. 1215; see also *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).)  Under such an arrangement, a defendant may agree to a specific greater term to be imposed if he should fail to appear for sentencing.  (*People v. Vargas* (1990) 223 Cal.App.3d 1107, 1108.)  A *Cruz* waiver gives a trial court power to " 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for

term,' if the defendant willfully fails to appear for sentencing." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3, citing *Cruz, supra,* at p. 1254, fn. 5.)

**I.      The Trial Court Did Not Err in Finding that Appellant Willfully Breached the Agreement.**

Appellant's change of plea hearing occurred on February 14, 2023. After the court accepted appellant's change of plea, the court ordered sentencing to occur on March 14, 2023. Appellant, who was in custody, was ordered both verbally and through the court's minute order to be present for sentencing.

After sentencing was calendared, and during the change of plea hearing, appellant personally asked for a temporary release, saying he wanted "a Cruise Waiver of some sort until my sentencing date." He said he needed "a few days" to arrange for some financial matters. After explaining the situation, appellant stated, "I think I could have everything straightened out in a week."

The prosecutor did not object to appellant's request for a temporary release. The prosecutor confirmed for the court that appellant faced a maximum prison sentence of 10 years. The prosecutor stated that he was not certain if appellant needed to admit to aggravating factors for purposes of the *Cruz* waiver, but the prosecutor asked for an admission of a factor in aggravation. Appellant made such an admission, agreeing he had engaged in violent conduct that indicated he was a serious danger to society. (See Cal. Rules of Court, rule 4.421(b)(1).)

After appellant personally asked for the *Cruz* waiver, his trial counsel advised him in open court that he (appellant) "would have to show up [for sentencing] on the 14th of March. If you don't show up on the 14th of March, you would get [10] years." Appellant replied, "Yes."

The court observed that, if appellant wanted, he could have a shorter release than the 30 days until sentencing. The court questioned appellant about whether it was a good idea to leave custody and risk an aggravated prison sentence. The court said, "[T]his

4.

whole request is a bad idea." The court cautioned that the mitigated term would no longer be justified if appellant did not "come back when I tell you to" or if he violated the law while on release. The court warned appellant that, if he fled, law enforcement would eventually find him and return him to court. The court said that, even if appellant then begged, "You're not going to get the same amount of time if you don't come back. You are going to get more time and very likely [10] years." The court advised against appellant taking the temporary release.

Appellant repeatedly said that he understood the court's concerns. Appellant repeatedly said he understood an aggravated sentence would be imposed if he failed to return. The court ordered appellant to return to court in one week, February 21, 2023, at 8:30 a.m. to be remanded back into custody.

Defense counsel alerted the court that he would not be available in one week, but he could have somebody "stand in for that." Defense counsel asked, "It won't be an actual hearing, it will just be for [appellant] to come back and turn himself in?" The court answered, "Yes."

On February 14, 2023, the same day he entered his change of plea, appellant signed a written form titled "RELEASE ON OWN RECOGNIZANCE." In part, appellant agreed in writing to "appear at all times and places" as ordered by the court.

One week later, appellant returned to court, but a bailiff told him that he was not on calendar. Appellant left the court without speaking to anyone else. Appellant failed to contact his attorney about the situation. Appellant did not think to contact the probation department.

Appellant failed to appear for sentencing on March 14, 2023. A bench warrant was issued for his arrest. The matter was continued to March 21, 2023, and defense counsel was directed to notify appellant of the next court date.[2]

---

[2] Nothing in the record suggests counsel was able to reach appellant.

5.

Appellant failed to appear on March 21, 2023.

On July 18, 2023, appellant appeared in court after he was arrested.

Continuances occurred. Appellant was sentenced in this matter on January 8, 2024. At sentencing, defense counsel asked for the low term of four years. In the alternative, the defense asked for the midterm of eight years. Defense counsel argued that appellant had made a mistake because he had appeared in court on February 21, 2023, but a bailiff had told him he was not on calendar. As such, appellant left. Defense counsel acknowledged that appellant made no effort to contact the probation department, his attorney, or to return to court.

Appellant spoke directly to the court. He claimed he had tried to turn himself in on February 21, 2023, but the bailiff had turned him away. He did not think to contact probation. He understood that he made a mistake for not contacting anyone after that time. Appellant said he did not remember being ordered to appear for sentencing on March 14, 2023.

The sentencing court acknowledged it had no reason to doubt that appellant had appeared in court on February 21, 2023. However, the court also noted that appellant had been ordered to appear for sentencing on March 14, 2023. The court sentenced appellant to prison for the upper term of 10 years.

### A.     *Appellant's arguments.*

Appellant asserts that the trial court erred in finding that he breached the terms of the *Cruz* waiver. According to appellant, the *Cruz* waiver only required him to appear back in court one week later, i.e., February 21, 2023, and it did not extend to the sentencing hearing on March 14, 2023. He argues that the "*Cruz* waiver proceedings were an afterthought and not incorporated into the plea discussions." In the alternative, he contends that, assuming the sentencing hearing was included in the terms of the *Cruz* waiver, substantial evidence does not support a finding that his failure to appear was willful.

Appellant relies on *People v. Zaring* (1992) 8 Cal.App.4th 362 (*Zaring*), an opinion from this court. Appellant asserts that the lower court breached the plea agreement, and we should order specific performance so he may receive a prison term of only four years.

We reject appellant's various arguments. The sentencing court did not err in finding that appellant willfully breached the agreement.

**B. *Zaring.***

In *Zaring*, the defendant was out of custody, and she was about 22 minutes late for a scheduled court appearance. (*Zaring, supra,* 8 Cal.App.4th at pp. 365–366.) The defendant's tardiness was due in large part from an issue with her babysitter. The trial court remanded her into custody. According to the court, the defendant's tardiness constituted a willful violation of a court order. (*Id.* at p. 367.) This appellate court reversed the trial court's decision, finding an abuse of discretion. (*Id.* p. 375.) The *Zaring* court ruled that the defendant's tardiness had not been willful or deliberate. There was no indication she was intentionally trying to avoid her court obligation. (*Id.* at p. 379.)

**C. *Appellant willfully breached his agreement.***

Under the totality of the circumstances, the *Cruz* waiver was part of the plea negotiations. During the change of plea hearing, the court ordered appellant to appear at sentencing on March 14, 2023. Appellant raised the *Cruz* waiver after he had already entered his change of plea. Appellant's own counsel cautioned him during the change of plea hearing that, if he did not appear at sentencing, he would receive the aggravated sentence. The court's minute order from the change of plea hearing indicated that appellant was released on his own recognizance, and he was ordered to be present for sentencing on March 14, 2023. On his release form, appellant agreed to "appear at all times and places" as ordered by the court. It is abundantly apparent that everyone

involved in the change of plea hearing understood that appellant would receive 10 years in prison if he failed to appear for sentencing.

We reject appellant's contention that his breach was not willful. Although there is no reason to doubt that appellant appeared in court and spoke with the bailiff a week after receiving his temporary release, appellant did not speak with the judge, and he left without contacting anyone else about the situation. He failed to appear at sentencing in March as ordered. It was not until he was arrested that he personally appeared in court on July 18, 2023. Unlike what occurred in *Zaring*, appellant deliberately failed to appear as ordered, and he made no effort to contact anyone about the situation. Accordingly, *Zaring* is distinguishable, and it does not mandate reversal.

Based on this record, substantial evidence demonstrates that appellant willfully breached the terms of the *Cruz* waiver. Appellant's arguments are unpersuasive that the trial court erred.

## II.     Appellant Will Not be Permitted to Withdraw from His Plea Agreement.

In relevant part, if a trial court approves a plea agreement, it must inform the defendant that the plea is not binding, and the defendant has the right to withdraw the plea prior to the pronouncement of judgment. (§ 1192.5, subd. (c).) If a defendant fails to appear for sentencing under a plea bargain, he does not lose the protections of section 1192.5, and he must be allowed to withdraw his guilty plea should the court refuse to adhere to the original sentencing terms. (*Cruz, supra,* 44 Cal.3d at p. 1250.) In other words, a defendant cannot be sentenced on a plea to a punishment more severe than what is specified in the plea agreement. (*People v. Masloski, supra,* 25 Cal.4th at p. 1217.)

In his opening brief and in supplemental briefing, appellant contends the trial court failed to advise him about his rights under section 1192.5. As a result, he maintains that

he never waived his right to withdraw his plea.[3]  He argues that the appropriate remedy is to remand this case for the lower court to either (1) impose a prison sentence of four years or (2) provide him with an opportunity to withdraw his plea.

We reject appellant's various arguments.  When the parties agree on a specific sanction for a defendant's nonappearance, the sentencing court is not obligated to permit the defendant to withdraw his plea.  Instead, the court may impose the agreed upon sanction.  (*People v. Casillas* (1997) 60 Cal.App.4th 445, 452.)  The distinction is whether (1) the plea agreement provides an aggravated sentence for the defendant's failure to appear at sentencing, or (2) whether the sanction for nonappearance was "*unilaterally* imposed by the trial court." (*People v. Masloski, supra,* 25 Cal.4th at p. 1220.)  If the plea agreement provides for the aggravated term, section 1192.5 is inapplicable, and the court is free to impose "the maximum sentence authorized by the plea agreement in the event that defendant failed to appear on the date set for sentencing." (*Id.* at pp. 1223–1224.)

In this matter, the 10-year aggravated sentence was not a judicially imposed sanction for appellant's nonappearance.  Instead, appellant himself requested a *Cruz* waiver during the change of plea hearing so he could obtain a temporary release from custody.  As a condition for the *Cruz* waiver, the prosecutor sought—and received— appellant's admission to a factor in aggravation.  Appellant's defense counsel warned him that he would receive the maximum sentence if he failed to appear at sentencing.  The court repeatedly warned appellant of the consequences if he failed to return.  Appellant repeatedly said he understood, but he nevertheless wanted the release.

Under these circumstances, the aggravated sentencing provision was a product of the "give-and-take of plea bargaining" and it was not "a judicially imposed afterthought." (*People v. Casillas, supra,* 60 Cal.App.4th at p. 452, fn. omitted.)  The sentencing court

---

[3]  In the event this issue is forfeited because appellant did not raise it below, he asserts ineffective assistance of counsel.

9.

" 'did not seek to repudiate the plea bargain or to impose a sentence more onerous than that which defendant had agreed to accept as part of the bargain itself.' " (*People v. Masloski, supra,* 25 Cal.4th at p. 1223.)  The 10-year aggravated term was a valid part of the plea agreement itself.  Accordingly, that provision was enforceable without regard to section 1192.5.[4]  (See *People v. Masloski,* at pp. 1223–1224; *People v. Casillas,* at p. 453.)

Based on this record, appellant was obligated to abide by the terms of the agreement he negotiated.  As such, the court was free to impose the aggravated sentence of 10 years, and appellant did not have the right to withdraw from his plea.  Appellant's arguments are without merit, and a remand for further proceedings is denied.

## DISPOSITION

The judgment is affirmed.


LEVY, Acting P. J.

WE CONCUR:


MEEHAN, J.


DE SANTOS, J.

---

[4]     Appellant's claim of ineffective assistance of counsel lacks merit.  Because section 1192.5 is inapplicable, there was nothing improper when appellant's counsel failed to raise this issue below.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 687 [reversal for ineffective assistance requires both deficient performance and prejudice].)  In any event, respondent concedes, and we agree, that appellant did not forfeit his right to raise an alleged violation of section 1192.5.  (See *People v. Walker* (1991) 54 Cal.3d 1019, 1024–1025, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)  This claim, however, fails on its merits as discussed above.

10.